## JANET D. LIVSEY v. JAMES W. LIVSEY
(4754)

DUPONT, C. J., BORDEN and DALY, Js.

Argued March 3—decision released May 19, 1987

*Susan E. Halperin,* with whom, on the brief, was *Edward J. Murphy,* for the appellant (intervening defendant).

*James L. Radda,* for the appellee (plaintiff).

DALY, J. The marriage between the parties was dissolved by judgment dated March 20, 1980. At that time it was ordered, pursuant to a written agreement between the parties, that the defendant husband would pay the plaintiff wife $75 per week for the support of two minor children until December 28, 1987, which was the date of the younger child's twenty-first birthday. Furthermore, the husband was ordered to quitclaim his interest in the marital home to the plaintiff who was to assume all of the expenses of maintaining the property. Upon sale of the property, or on December 28, 1988, whichever came first, the plaintiff was to pay $15,000 to the defendant.

On March 16, 1982, the defendant assigned his interest in the $15,000 payment to Selma D. Halperin (the intervening defendant) for consideration of only $1200. This assignment was recorded on the land records.

On November 8, 1982, upon motion by the plaintiff, the trial court modified the original judgment and ordered the husband to release approximately $9000 of his equitable interest in the marital home. That figure represented an arrearage in child support pay-

ments, sheriff's fees and attorney's fees. The defendant executed the release on December 1, 1982, and it was recorded on the land records.

On March 27, 1985, the plaintiff moved to cite in Selma Halperin as a party defendant (hereinafter the intervening defendant). That motion was granted by agreement.

In April, 1985, the plaintiff moved to hold the defendant in contempt claiming that between the time of the modification in November, 1982, to January 30, 1985, there had accrued an arrearage of child support payments in the amount of $12,868. She sought relief by extinguishing the defendant's remaining interest in the $15,000 and ordering the defendant to obtain a release of his assignment to the intervening defendant.

In June, 1985, the intervening defendant moved to vacate the order of November 8, 1982, claiming the trial court lacked jurisdiction to enter such an order modifying the assignment of realty to the husband.

In its July, 1985 memorandum of decision on the plaintiff's April contempt and modification motion, the trial court stated that at oral argument the parties had stipulated to a total arrearage of $19,743 including child support, attorney's fees and sheriff's fees. Accordingly, the court ordered that the "[p]laintiff shall have a lien to secure this arrearage against the sum of $15,000 that she was ordered to pay [the husband]. If the arrearage has not been paid prior to the time the $15,000 payment comes due, then the plaintiff's obligation in this regard shall be discharged to the extent of the arrearage."

The intervening defendant thereafter moved to open this finding and requested a clarification of the decision since her interests were unresolved. Such motion was denied on December 2, 1985. The defendant filed no motions of any kind.

While the defendant has not appealed, the intervening defendant has appealed from the actions of the trial court dated November 8, 1982, July 30, 1985 and December 2, 1985, contending that the trial court lacked personal jurisdiction over her and lacked subject matter jurisdiction to modify an assignment of the marital property. We do not reach the merits of this claim because we conclude, sua sponte, that the intervening defendant was improperly made a party to this action, and therefore, she has no standing to appeal. See *LaBow* v. *LaBow,* 171 Conn. 433, 441, 370 A.2d 990 (1976); *Nader* v. *Altermatt,* 166 Conn. 43, 53, 347 A.2d 89 (1974); *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). There are certain categories of persons who are permitted to intervene in a dissolution action. The attorney general is permitted to become a party under General Statutes § 46b-55; any interested third party may intervene with regard to the custody of minor children under § 46b-57; parties having physical custody of a child may be made parties under General Statutes § 46b-100; and any person may request visitation rights under General Statutes § 46b-59. See *Manter* v. *Manter,* 185 Conn. 502, 441 A.2d 146 (1981). The intervening defendant does not come within any of these categories.

The judgments which the intervening defendant seeks to open are singular in nature, relating specifically to orders which were concomitant to a judgment dissolving the marriage of two individuals. That judgment established the personal status of the parties, and their obligations to one another arising from that status. They had been married; it made them single. Part of that judgment also delineated the obligations of each to their children. That judgment, and those orders which later modified it, cannot be opened at the request of a complete stranger to the original judgment. The

consequences of those judgments are too remote and of too indirect a character to give the intervening defendant any cause of action. This and other courts exist to provide relief to parties whose rights have been infringed. The intervening defendant had no right to enter the case, and has no right to appeal to correct any perceived wrongs done to the defendant in the dissolution. *Tyler* v. *Aspinwall,* 73 Conn. 493, 498, 47 A. 755 (1901). In this case, the defendant has not appealed any orders. In fact, in November, 1982, he executed a release of at least $9000 of his interest in the marital home. The intervening defendant "has no standing to attack collaterally an earlier divorce decree to which [s]he was a stranger and in which [s]he had no legally protected interest which would have been affected by the decree itself at the time it was rendered." *Fattibene* v. *Fattibene,* 183 Conn. 433, 436, 441 A.2d 3 (1981), citing *Tyler* v. *Aspinwall, supra.*

Any redress to which the intervening defendant may be entitled is more properly addressed to the defendant in a separate action. We conclude that the intervening defendant lacks proper party status in this case, and thus also lacks standing to appeal.

The appeal is dismissed.