DONALD J. LAWLOR *v.* SONNY J. SEARLES
(5439)

HULL, BORDEN and DALY, Js.

Submitted on briefs September 1—decision released October 6, 1987

*Howard Rosenfield* and *Jeffrey L. Polinsky* filed a brief for the appellant (defendant).

*Daniel H. Kennedy, Jr.,* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant appeals from the trial court's judgment of contempt. The trial court had rendered judgment for the plaintiff, pursuant to a stipulation of the parties, permanently enjoining the defendant "from using . . . the property known as 303 Cromwell Avenue, Rocky Hill, Connecticut or from permitting said property to be used for the overnight storage of any commercial vehicle on said premises other than the storage of one tractor type vehicle and one trailer which must be owned by the defendant or by his corporation, Searles Industries, Inc., parking of any commercial vehicle on said premises other than the parking of one tractor type vehicle which must be owned by the defendant or said corporation, maintenance of any commercial vehicles on said premises, and/or refueling of any commercial vehicles on said premises." Thereafter, the court found the defendant in contempt for having failed to comply with the terms of the injunction.

In this appeal, the defendant claims that the trial court erred in finding him in contempt for conduct allegedly beyond the scope of the court's injunction. Specifically, the defendant argues that the vehicles found to have violated the trial court's injunction were located on an unnumbered lot on Cronin Drive, property located behind and adjacent to 303 Cromwell Avenue, and therefore could not be a proper basis for a finding of contempt. We disagree.

As we have recently stated, "[a]lthough the court has the power to issue orders necessary to protect the integrity of a stipulated judgment, it may not enlarge the

scope of that judgment." *Foley* v. *Southport Manor Convalescent Center, Inc.,* 11 Conn. App. 530, 537, 528 A.2d 841 (1987). Certainly, traditional notions of fair play require that a litigant enjoined from engaging in certain conduct receive adequate notice of what conduct has been prohibited. See *Blaydes* v. *Blaydes,* 187 Conn. 464, 446 A.2d 825 (1982).

In this case, however, the trial court specifically found that the parties were aware that the property described as 303 Cromwell Avenue throughout the course of the litigation, in the stipulated judgment and in the injunction, included the parcel to the rear upon which the offending conduct took place. The court rejected the defendant's argument to the contrary. The court's finding was adequately supported by the record. Thus, the defendant's claim is without merit.

There is no error.