ALEXANDRA MANNDORFF *v.* MARIA ANNA DAX
(5287)

BORDEN, BIELUCH and O'CONNELL, Js.

Argued November 10, 1987—decision released January 19, 1988

*Philip H. Bartels,* with whom, on the brief, was *Vincent P. Adley,* for the appellant (plaintiff).

*Frederic S. Ury,* with whom, on the brief, was *Katherine Eisold,* for the appellee (defendant).

BORDEN, J. The plaintiff brought this action seeking a judicial declaration that the marriage between the defendant and the plaintiff's deceased husband was invalid. The trial court dismissed the action for lack of

subject matter jurisdiction.[1] The sole issue presented by this appeal is whether either party to such an action must be a domiciliary of this state in order for the trial court to have subject matter jurisdiction. Because we determine that the plaintiff's action seeks a declaratory judgment, and not an annulment, we conclude that the plaintiff's domicile is immaterial to the question of subject matter jurisdiction. Therefore, we find error.

The essential facts are undisputed. In 1946, the plaintiff and Anthony M. Manndorff (hereinafter husband) were married in Hungary. In 1952, the plaintiff and her husband moved to New York, where they lived until 1967, when they moved to Brazil.

On March 12, 1970, the husband obtained a divorce from the plaintiff in Mexico, without giving her any notice of his action. On May 12, 1970, the husband married the defendant in Greenwich, Connecticut. The husband and the defendant returned to Brazil, where they and the plaintiff continued to reside. In 1974, the plaintiff obtained a declaration from the Mexican courts that the earlier Mexican divorce decree was invalid.

In 1978, the husband died in Brazil. At that time, the plaintiff, the defendant and the husband had all been residents of Brazil since 1970.

In 1984, the plaintiff instituted the present action. Service was made upon the defendant by an order of notice. The defendant appeared and filed a motion to dismiss on the ground that the court lacked jurisdic-

---

[1] The trial court in its memorandum of decision dismissing the action referred to a "lack of in personam jurisdiction." The matter of the plaintiff's domicile, however, which the trial court found to be dispositive, could only have related to subject matter jurisdiction. Therefore, we treat the court's determination as one of lack of subject matter jurisdiction over this action.

tion over the person and subject matter. The court, *McGrath, J.,* denied that motion.[2]

At trial, by way of special defense, the defendant renewed her claims of lack of jurisdiction. The court, *Novack, J.,* found that the plaintiff failed to sustain her burden of proving that she is a domiciliary of Connecticut; rather, the court found, she is a domiciliary of Brazil who visits Connecticut for the purpose of attempting to invalidate her husband's second marriage.[3] Because neither party is a domiciliary of Connecticut, the court dismissed the case for lack of jurisdiction. This appeal followed.

General Statutes § 52-29 and the related Practice Book provisions, §§ 388 through 394, empower the Superior Court "in any action or proceeding [to] declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed." General Statutes § 52-29. Subject matter jurisdiction in a declaratory judgment action does not require that any party be a domiciliary of this state.

Similarly, General Statutes §§ 46b-40 and 46b-42 give broad authority to the Superior Court to grant an annulment of a marriage. Although the annulment statutes do not specifically say so, the parties agree, as do we, that there is an additional requirement with respect

[2] Although the defendant, in her motion to dismiss and in her subsequent special defense, asserted lack of personal jurisdiction as well as lack of subject matter jurisdiction, it does not appear clearly from the record that she challenged the trial court's personal jurisdiction over her resulting from the substituted service by order of notice. In any event, she has not presented such a claim to this court as an alternate ground on which to sustain the trial court's judgment. See Practice Book §§ 4013 (a) (1) and 4066 (a). We therefore conclude that the trial court had personal jurisdiction over the defendant.

[3] The plaintiff attacks the court's finding regarding her domicile. The court's finding is adequately supported by the record. Thus, the plaintiff's claim in this regard is without merit. *Lawlor* v. *Searles,* 12 Conn. App. 511, 513, 531 A.2d 607 (1987).

to subject matter jurisdiction over annulment actions. At least one party must be domiciled in Connecticut. *Perlstein* v. *Perlstein,* 152 Conn. 152, 155, 204 A.2d 909 (1964);[4] 4 Am. Jur. 2d, Annulment of Marriage § 60.

The proposition that "[s]ubject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong"; *England* v. *Coventry,* 183 Conn. 362, 364, 439 A.2d 372 (1981); only restates the question to be answered by this appeal. We must determine to which general class of proceedings this case belongs—a declaratory judgment action or an annulment action. If it is a declaratory judgment action, domicile is unnecessary for the court's subject matter jurisdiction. If, however, it is an annulment action, domicile of one party is necessary to such jurisdiction.

By her complaint, the plaintiff seeks "a judgment of [the Superior] Court declaring the marriage of Anthony M. Manndorff and Maria Anna Dax invalid." The plaintiff claims that the trial court erred by treating the plaintiff's action as an annulment action rather than a declaratory judgment action. We agree. Although in some contexts the difference between a judgment only declaring the invalidity of a marriage—a declaratory judgment—and a judgment invalidating a marriage—

---

[4] In *Perlstein* v. *Perlstein,* 152 Conn. 152, 204 A.2d 909 (1964), our Supreme Court limited the prior decision of *Mazzei* v. *Cantales,* 142 Conn. 173, 112 A.2d 205 (1955), to the following holding: " 'Where both parties to *an action for annulment* of a void marriage are nonresidents and the defendant is not served with process within this state *or does not appear and submit to the jurisdiction of the . . . [c]ourt,* the fact that the marriage was performed within this state does not empower the court to obtain jurisdiction over the defendant by constructive service and to render a judgment annulling the marriage.' " (Emphasis added.) *Perlstein* v. *Perlstein,* supra, 161, quoting *Mazzei* v. *Cantales,* supra, 179. *Mazzei* does not control this case because (1) we conclude that this is not an annulment action, and (2) the defendant here has appeared and submitted to the jurisdiction of the court. See footnote 2, supra.

an annulment—may be elusive, under the circumstances presented by this case we conclude that the plaintiff seeks only declaratory relief and cannot be understood to seek a judgment of annulment.

First, it is not determinative that the court was asked to conclude that the marriage was invalid. Our cases make clear that a court may be required to pass upon the validity of a marriage in the course of rendering a judgment in another action. See, e.g., *Eva* v. *Gough,* 93 Conn. 38, 104 A. 238 (1918) (appeal from probate court regarding appointment of administrator of estate); *Roxbury* v. *Bridgewater,* 85 Conn. 196, 82 A. 193 (1912) (action to recover expenses incurred in support of pauper); *Erwin* v. *English,* 61 Conn. 502, 23 A. 753 (1892) (action to obtain possession of land); see also *Metropolitan Life Ins. Co.* v. *Manning,* 568 F.2d 922 (2d Cir. 1977) (interpleader action to determine beneficiary of life insurance policy). It is true that this case is less clear because, unlike those cases, the sole relief sought is a declaration of the invalidity of the marriage. Nonetheless, those cases do recognize that a judicial determination regarding the validity of a marriage does not alone turn another form of action into an annulment action.

Second, in this case the husband is no longer living. Neither party was his wife at the commencement of this action; his marriage to the plaintiff or the defendant, if we assume one to be his lawful widow, ended upon his death. At the commencement of this action, therefore, the marital status of both the plaintiff and the defendant with respect to the husband no longer existed.

Accordingly, the present action, unlike an annulment action, does not ask the court to act upon or affect either party's marital status with respect to the husband; the plaintiff does not, and cannot, seek to have

the defendant's marriage to the husband invalidated. Rather than seeking a change in the status of the defendant's marriage to the husband, the plaintiff seeks a declaration of the invalidity of that marriage when it was contracted and as it may have existed in the past as a basis for determining the status of the parties upon his death. As such, the present action is more properly viewed as a declaratory judgment action.

This conclusion is buttressed by the general proposition that a stranger to a marriage may not maintain or intervene in an action affecting marital status, and by our recent holding in *Livsey* v. *Livsey,* 11 Conn. App. 43, 525 A.2d 546 (1987). Although interested in the defendant's marriage to the husband, the plaintiff, as a nonparty to that marriage, had no right to maintain an action for its annulment. 4 Am. Jur. 2d, Annulment of Marriage § 71; 55 C.J.S., Marriage § 54. Similarly, in *Livsey* v. *Livsey,* supra, we recognized that a non-spouse was not entitled to participate in an action for dissolution of marriage; instead, we concluded that an intervening defendant's claims for relief were "more properly addressed . . . in a separate action." Where the invalidity of a marriage is the subject of a claim for relief by a nonparty to the marriage, an action seeking a declaration of the invalidity of the marriage pursuant to General Statutes § 52-29 is precisely the kind of "separate action" contemplated by *Livsey.*

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.