[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This memorandum of decision addresses the motion to dismiss submitted by the defendant under date of April 9, 1996. Therein, the defendant asserted that the plaintiffs had no standing to bring this action, so that this court has no jurisdiction over the subject matter of their claims. In opposition to this motion, the plaintiffs argue that Connecticut common law supports their status in this case, and that without the privilege to proceed with this litigation, they would be irreversibly denied the CT Page 9503 opportunity to pursue their claims. The court finds these issues favor of the defendant.
Through their complaint dated March 14, 1996, the plaintiffs aver that they are the daughters of Thaddeus Gutkowski,[1] now deceased; that Gutkowski was of unsound mind and incompetent when he married the defendant on May 3, 1995; that Gutkowski lacked the ability to consent to the marriage, and that there is no statutory basis for this marriage contract. By way of relief, the plaintiffs claim an annulment of this marriage and any other legal or equitable relief that the court deems proper, The complaint is void of any allegations that Gutkowski died intestate; that the plaintiffs were Gutkowski's heirs pursuant to a will that was in existence prior to the marriage; that the plaintiffs had or have any interest in the property held by Gutkowski or his estate; that the defendant induced Gutkowski to enter into the marriage with fraudulent intent; that Gutkowski's interests were protected by a conservator at the time of the marriage; that any of the plaintiffs serve as administrator or executor of Gutkowski's estate; that the administrator or executor of Gutkowski's estate is incompetent to pursue an action for annulment on behalf of his decedent, or that the administrator or executor of this estate is hostile to the action pursued by the plaintiffs. In opposition to the motion to dismiss, the plaintiffs have not submitted any affidavits to supplement the facts set forth in their complaint. See Practice Book § 143.
By operation of General Statutes § 46b-40[2], the marriage of Thaddeus J. Gutkowski and Marilyn Pugliese Gutkowski was dissolved upon the death of the husband. The plaintiffs have alleged that this death occurred prior to the filing of the pending action. The court is accordingly called upon to determine whether the plaintiffs, as strangers to the marriage of Gutkowski and the defendant, have standing to pursue an action for annulment that they initiated after the statutory dissolution of the marriage.
A motion to dismiss is the "proper procedural vehicle to test the trial court's jurisdiction." Upson v. State, 190 Conn. 622,624-25 n. 4 (1983). "Lack of jurisdiction, once raised, must be disposed of. Baldwin Piano Organ Co v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982)." Upson v. State, supra, 190 Conn. 625. See Practice Book § 142, 143. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially CT Page 9504 asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.)Gurliacci v Mayer, 218 Conn. 531, 544 (1991). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Citation and footnote omitted.) Upson v. State, supra, 190 Conn. 624. Thus, if it is clear on the face of the record that the court lacks subject matter jurisdiction, a motion to dismiss shall be granted. "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 263, 571 A.2d 696 (1990); see also Lemoine v. McCann,40 Conn. App. 460, 468 (1996). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62 (1988).[3]
As a threshold matter, the court must determine whether the plaintiffs have standing to bring their claim for annulment. "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of controversy.' ArdmareConstruction Co. v. Freedman, 191 Conn. 497, 501, 467 A.2d 674
(1983). If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. Housing Authorityv. Local 1161, 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied,192 Conn. 802, 471 A.2d 244 (1984)." Tomlinson v. Board of Ed. ofthe City of Bristol, 226 Conn. 704, 716-18 (1993).
The plaintiffs rely in part on Perlstein v. Perlstein;26 Conn. Sup. 257 (1966); for the proposition that they have standing at law to proceeding with the pending matter. While the trial court in Perlstein v. Perlstein permitted a third party to participate in an annulment proceeding, the facts of that case differ markedly from those at issue here. Perlstein v. Perlstein
involved an action for annulment had been commenced during the CT Page 9505 course of the marriage at issue, and prior to the death of the husband involved. Id. The executrix, as legal, representative of the husband's estate, had been substituted as the plaintiff in the pending action for annulment. Id. It was determined that subject matter jurisdiction "existed at the inception of the present action. Perlstein v. Perlstein, 152 Conn. 152 [1952]." Id., 258. The trial court found that the husband's death did not abate the pending cause of action, and permitted continuation of the litigation, on the decedent's behalf, through his executrix, of an annulment action that had been timely commenced. Id., 260.
This court acknowledges the principle that a legal representative of a decedent's estate may pursue an annulment action that had been commenced prior to death. While the lessons of Perlstein v. Perlstein remain vital, however, they should only apply to an action in which a fiduciary of a married party's estate seeks to obtain an annulment of a marriage to which its decedent was a party. As such, Perlstein v. Perlstein, supra, fails to provide adequate guidance for this court, which must assess the status of non-fiduciaries who seek to secure the annulment of a marriage which terminated by reason of death prior to the assertion of their claims.
Durham v. Miceli; 15 Conn. App. 96 (1988); is similarly inapposite to the pending matter. That case involved an action for annulment brought by a husband following the entry of a judgment which had dissolved his marriage to the defendant. The Appellate Court approved dismissal of the husband's action on the basis that his complaint failed to set forth allegations consistent with § 46b-40 (b). Id., 97. In view of these deficiencies, Durham v. Miceli explicitly declined to address any issues relating to the husband's standing to pursue his annulment. Id., 96.
While other Connecticut courts have not yet addressed the specific issues of standing and jurisdiction that are raised in the pending matter, it is clear that, under certain circumstances, our courts now approve the participation of a third party in actions brought for annulment or dissolution of marriage. For instance, where a third party has demonstrated an interest in marital property, within the meaning of § 46b-81, that party will be allowed to join the dissolution action.Gaudio v. Gaudio, 23 Conn. App. 287, 291, 294 (1990). This rule is expressly limited to cases in which the presence of the third party is "required in order to adjudicate the property rights of CT Page 9506 the parties to the dissolution." Id., 293, 294.[4] As noted, however, the plaintiffs in this action have not alleged any interest in the property of either the defendant or Gutkowski. Even construing the allegations of the complaint most favorably to the plaintiffs, this court cannot speculate about the existence of any interest they may have in marital property. In the absence of such an interest, the rule of Gaudio v Gaudio, supra, would not apply to this case to permit the plaintiffs to pursue their action for annulment.
Some guidance is provided, however, through Mandorff v. Dax,13 Conn. App. 282 (1988).[5] That case concerned an action brought by a third party who sought "a judicial declaration that the marriage between the defendant and the plaintiff's deceased husband was invalid." Id. The trial court had treated the matter as an action for annulment, rather than as an action for declaratory judgment. Finding lack of domiciliary status requisite for an annulment action, the trial court had dismissed the case on jurisdictional grounds. Mandorff v. Dax, supra,13 Conn. App. 284. The Appellate Court noted that neither the plaintiff nor the defendant was married to the deceased at the commencement of the litigation, as "his marriage to the plaintiff or the defendant, if we assume one to be his lawful widow, [had] ended upon his death. At the commencement of this action, therefore, the marital status of both the plaintiff and the defendant with respect to the husband no longer existed."Mandorff v. Dax, supra, 13 Conn. App. 286. Contrary to the trial court's ruling, the Appellate Court determined that the plaintiff had properly pursued her action for declaratory judgment pursuant to General Statutes § 52-29[6] in pursuit of her rights to what was ostensibly marital property. Mandorff v. Dax noted with approval that "[r]ather than seeking a change in the status of the defendant's marriage to the husband, the plaintiff [sought] a declaration of the invalidity of that marriage when it was contracted and as it may have existed in the past as a basis for determining the status of the parties upon his death." Mandorffv. Dax, supra, 13 Conn. App. 287. Thus, while the trial court had considered the matter to be an action for annulment, the Appellate Court found that the proceedings were "more properly viewed as a declaratory judgment action." Id. Finding error in the trial court's dismissal of the action, the matter was remanded for further consideration of the, issues raised. See also Miano v Thorne, 218 Conn. 170 (1991) (action for declaratory judgment was properly brought by beneficiaries of deceased husband's will for purposes of determining whether the defendant, CT Page 9507 their mother, remained married to their father at the time of his death).
In the case now presented to this court while the plaintiffs have not followed the precise language of § 46b-40 (b), they have alleged that Gutkowski's marriage to the defendant lacks statutory basis, and is void. The plaintiffs have attempted to state a cause of action that would be cognizable in a non-declaratory suit, to test whether the defendant's marriage to Gutkowski is valid or void. It is apparent that the plaintiffs seek not to procure "an advisory opinion on moot or abstract questions . . ." nor to attempt to "`create a new cause of action. . . .'" Wilson v. Kelley, 224 Conn. 110, 116 (1992). Inquiring into the source of the underlying right or claim on which the plaintiffs' action for annulment is set forth in this matter, it is clear that they predicate their complaint on facts which, if proved, could establish that Gutkowski's marriage to the defendant was void or voidable within the meaning of §46b-40 (b). However, in the context of this action, where the plaintiffs have alleged no relation to the marriage at issue, and have asserted no interest in marital property, the court is unable to ascertain facts sufficient to consider their claims as a declaratory judgment; action. Compare Miano v. Thorne, supra,218 Conn. 170; Mandorff v. Dax, supra. 13 Conn. App. 286-287.
The plaintiffs have failed to establish, in their individual or representative capacities, any real interest in the marital status of the defendant and their father, Gutkowski. Accordingly, the court cannot accord them standing sufficient to pursue this action for annulment as now set forth. Ardmare Construction Cov. Freedman, supra. 191 Conn. 501. As the plaintiffs lack standing, this court is without subject matter jurisdiction to determine the action for annulment. Tomlinson v. Board of Ed. ofthe City of Bristol, supra, 226 Conn. 718. While the plaintiffs beg the court to maintain their action for annulment on the grounds that dismissal will irremediably foreclose their access to judicial relief, the court finds that adequate opportunity to test the validity of the marriage between Thaddeus J. Gutkowski and Marilyn Pugliese Gutkowski is available through alternative legal action. Strangers to the marriage at issue, without any interest asserted in the property of that marriage, the plaintiffs have failed to establish that they have any standing to pursue an action for annulment before this court.
WHEREFORE, the defendant's motion to dismiss, dated April 9, CT Page 9508 1996, is hereby granted without prejudice.
BY THE COURT,
N. Rubinow, J.