[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO DISMISS
I. Factual and Procedural Background
On January 27, 1993, Ernest W. Abel (hereinafter the "plaintiff") brought a dissolution action against Mildred L.J. Abel (hereinafter the "defendant"). On January 19, 1994, the court Hendel J., entered final judgment. The terms of the judgment included a property distribution as follows: "the Plaintiff shall transfer to the Defendant, into an account designated by her or set up for this purpose on her behalf, one-half (50%) of the funds in his individual retirement account with . . . T. Rowe Price with an approximate value of Sixty Nine Thousand Seven Hundred Eighty Two Dollars and Seventy Eight Cents ($69,782.78)." CT Page 7293
On September 7, 1996, the defendant died. On January 14, 1997, Betsy Abel, Administratrix of the Estate of the defendant, moved to substitute herself for the defendant in the above-captioned proceeding. On that same day, the substituting party filed a motion for contempt against the plaintiff for failing to turn over one-half (50%) of the funds in the T. Rowe Price account as required by the 1994 judgment.
By letter dated February 5, 1997, and filed with the court on February 11, 1997, the plaintiff requested that "the charges of Contempt against me be dropped and any further proceedings to attempt to extract any funds from my meager savings for retirement be denied based on the fact that the deceased Defendant no longer needs financial aid to support herself."
On February 10, 1997, the court, Hurley, J., granted the motion to substitute the administratrix for the defendant. On March 10, 1997, the court, Booth J., heard argument on the motion for contempt.[1]
II. Motion to Dismiss, Legal Standard
"A motion to dismiss . . . properly attacks the jurisdiction of the court . . . ." Garlic v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall also be used to assert . . . lack of jurisdiction over the subject matter . . . . (Internal quotation marks omitted.) Sadloski v. Town ofManchester, 235 Conn. 637, 645 n. 13, 668 A.2d 1314 (1995). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . [Rather,] [m]otions to dismiss are granted solely on jurisdictional ground[s]." (Citations omitted.)Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 306-07,635 A.2d 843 (1993)
III. Discussion
The plaintiff's motion to dismiss raises, by implication, the issue of this court's subject matter jurisdiction over this action. "Jurisdiction over the subject matter is a question of law which cannot be waived or conferred by consent and, where a court discovers that it has no jurisdiction, it is bound to dismiss the case." Castagno v. Wholean, judicial district of Middlesex at Middletown, Docket No. 076161 (November 30, 1995, CT Page 7294 Higgins, J.), citing In re Judicial Inquiry No. 85-01,221 Conn. 625, 629, 605 A.2d 545 (1992).
The administratrix argues that, as the representative of the defendant's estate, she has the right to seek enforcement of the terms of the final judgment within the context of the dissolution proceeding. The practical effect is to seek a finding of contempt. The administratrix relies on Dalton v. Dalton, Superior Court, judicial district of Waterbury at Waterbury Docket No. 126681 (March 6, 1997, Shortall, J.) in which the court held that while the death of one of the parties in a dissolution proceeding deprives the court of jurisdiction to render a divorce decree, it does not preclude the court from enforcing pre-trial pendente lite orders and stipulations to which both parties agreed. Daltonv. Dalton, supra.
In Dalton, the plaintiff died prior to the entering of a final judgment in the dissolution proceeding. Subsequently, on behalf of the estate, the decedent's attorney filed a motion for contempt against the defendant seeking to have the court enforce certain pendente lite orders requiring the defendant to pay the plaintiff s medical expenses. The defendant moved to dismiss the action because of the death of the plaintiff and claimed that the court lacked jurisdiction to make a finding of contempt.
Grounding its decision on General Statutes § 52-599 (a)[2], the Dalton court observed that, while not yet settled in Connecticut, other jurisdictions had held that the legal representative of a deceased spouse could recover for any arrearages of alimony or support due at the time of the spouse's death. Dalton v. Dalton, supra, citing Greer v. Greer,130 P.2d 1050, (Colo. 1942) ((deceased plaintiff s estate could recover arrearages of alimony); Siver v. Shebetka, 65 N.W.2d 173 (Iowa 1954) (arrearages in alimony becomes the property of a spouse's estate and pass to her personal representative); Beyerlein v.Ashburn, 53 N.W.2d 666 (Mich. 1952) (right to collect unpaid arrearages of alimony does not abate); and Stillman v. Stillman,
39 Am. Rep. 21, 24 (Ill. 1881) (personal representatives entitled to recover any unpaid portion of sum remaining unpaid at spouses' death). Thus, the court determined that the decedent's estate could seek to enforce pendente lite orders of the court in the context of the divorce proceeding.[3]
In Sanders v. Sanders, Superior Court, judicial district of New London at Norwich, Docket No. 060787, Booth. J.), this court CT Page 7295 denied a motion to substitute the plaintiff's administratrix for the plaintiff holding that the administratrix was not one of the specific categories of persons permitted to "intervene" in a dissolution proceeding.[4] Sanders v. Sanders, supra., citingLivsey v. Livsey, 11 Conn. App. 43, 46 (1987). In Sanders, the administratrix moved to substitute herself for the plaintiff in order to enforce a division of real property included in the final judgment but never acted on by the defendant. The plaintiff cited Dalton in support of her position. However, the court pointed out that, unlike Dalton, the Sanders case involved a final judgment; thus, the court concluded that, whatever the merits of the Dalton decision, it was inapposite to the facts in the Sanders case. As to the effects of the defendant's failure to comply with the final judgment, the court pointed out that General Statutes § 52-599 (a) appeared to include the right to bring an independent cause of action on the judgment, but not the right to have the administratrix substituted as a plaintiff in a dissolution action which terminated with the plaintiff's death.Sanders v. Sanders, supra.[5]
In this case, the issue is not whether the decedent's estate is entitled to the sum of one half of the retirement account. Rather, the issue is whether the decedent's estate will be allowed to seek enforcement of the judgment within the context of the dissolution proceeding. In this court's opinion, the answer must be no. As explained in Sanders, the statutory scheme does not provide for the substitution of the administratrix of a deceased spouse in a divorce proceeding. See Livsey v. Livsey,
supra, 11 Conn. App. 46; also Barbaro v. Barbaro, 1 Conn. Sup 76
(1935) (power of the Superior Court over marriage is purely statutory and, as a result, must be strictly construed) This does not mean that the decedent's estate is without recourse, only that the administratrix may not pursue enforcement of the judgment within the context of dissolution proceeding or by invocation of the court's contempt power in the dissolution action.
For the foregoing reasons, the plaintiff's motion to dismiss is granted on the ground that this court lacks subject matter jurisdiction over the proceeding. Since this action is dismissed for lack of jurisdiction the administratrixt's motion for contempt is moot.
Booth, J. CT Page 7296