[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
The marriage of Danny and Carol Martimeau was dissolved on April 7, 1998 pursuant to a judgment rendered in the Putnam Superior Court. The judgment provided that "each party shall retain all assets now in his/her possession, including pensions, retirements plans, bank accounts, and the like." On December 8, 1998, Danny was killed in an automobile accident. At the time of his death, Carol was still listed as the beneficiary of Danny's retirement plan.
The estate of Danny Martimeau filed a request for a post-judgment temporary restraining order (TRO) requesting that Carol be enjoined from collecting the beneficiary portion of Danny's retirement plan. According to the sheriffs return, Carol was served with the request for the TRO on or about May 4, 1999, and the request, along with the sheriffs return, was filed with the court on or about May 12, 1999. However, it appears that Carol received payment from the retirement plan on or about May 7, 1999.
On May 21, 1999, Carol filed a motion to dismiss the request for a TRO on the grounds that: (1) the administratrix does not have standing; (2) there is no action pending because judgment on the divorce has been entered; and (3) the request is moot because Carol has already received the payment.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). The question of a plaintiffs standing implicates a court's subject matter jurisdiction. See Stamford Hospital v.Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C. S.Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
In the present case, the defendant argues, inter alia, in her motion to dismiss that "the movant does not have standing to CT Page 16930 petition for Court for relief." Specifically, she argues that "[sjince the instant action or proceeding is personal to the [deceased] plaintiff and depends upon his continued existence, his estate does not have standing to pursue the requested relief."
In response, the plaintiff administratrix (hereinafter "the plaintiff) argues that "final judgment has already been rendered and the only issue before the court is whether, pursuant to that judgment, the Benefits belong to the plaintiffs estate or to the defendant. [Therefore,] Danny Martimeau's continued existence is not necessary
The court agrees with the defendant that the plaintiff does not have standing as a party to this action.
General Statutes § 52-599 (a) states that "[a] cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." However, excluded from this general survival rule is: "(1) . . . any cause or right of action or any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, or (2) . . . any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants." General Statutes § 52-599 (c). General Statutes § 49b-40 (a) provides that "[a] marriage is dissolved only by (1) the death of one of the parties or (2) a decree of annulment or dissolution of marriage by a court of competent jurisdiction."
In the present case, the marriage of Danny and Carol was dissolved by a judgment of the Superior Court in April 1998. The following December, Danny passed away. There exists no dispute that this marriage was properly dissolved. However, the plaintiff contends that this action survives the judgment and the death of Danny, despite § 49b-40, because it falls within the general survival rule of § 52-599 (a). In support of that contention, the plaintiff relies, in part, on Perlstein v. Perlstein,26 Conn. Sup. 257, 217 A.2d 481 (1966). Perlstein, however, dealt exclusively with the applicability of § 52-599 (a) to an action for an annulment rather than dissolution of marriage and is, therefore, not dispositive of the present case. "The court inPerlstein did not hold that § 52-599 is applicable to an action for dissolution of marriage, but rather, determined that CT Page 16931 an action for annulment is one that survives the death of a party, and therefore, an action for annulment falls within §52-599." Misheff v. Misheff, Superior court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139817 (December 12, 1995, J. Harrigan).
The plaintiff also relies on Dalton v. Dalton, Superior Court, judicial district of Waterbury, Docket No. 126681 (March 7, 1997, J. Shortall). However, Dalton dealt with the enforcement of a pendente lite order to pay medical expenses where the plaintiff died prior to the final judgment in the dissolution action. As with Perlstein, Dalton is not dispositive of the present action.
Dissolution actions are purely personal in nature and they terminate upon the death of a party. See Kelleher v. Kelleher,
Superior Court, judicial district of Stanford! Norwalk at Stamford, Docket No. 138810 (September 22, 1998, J. Harrigan). However, "[t]here are certain categories of persons who are permitted to intervene in a dissolution action. The attorney general is permitted to become a party under General Statutes46b-55; any interested third party may intervene with regard to the custody of minor children under 46b-57; parties having physical custody of a child may be made parties under General Statutes 46b-100; and any person may request visitation rights under General Statutes 46b-59." Livsey v. Livsey,11 Conn. App. 43, 46, 525 A.2d 546 (1987).
In Sanders v. Sanders, Superior Court, judicial district of New London at Norwich, Docket No. 060787 (June 16, 1997 J.Booth), the plaintiff administratrix was not allowed to be substituted as a party where she sought to enforce a division of real property pursuant to a dissolution judgment. The court held that she was not one of the specific persons allowed to `intervene' in such an action. Id.; see also Livsey v. Livsey,
supra, 11 Conn. App. 46. In accord with Sanders, the plaintiff in the present case does not fit within any of the specific categories of person allowed to become a party in a dissolution action. See Sanders v. Sanders, supra, Docket No. 060787. TheSanders court did point out, however, that the plaintiff in that case was not without a remedy. "It appears to the court that the plaintiffs cause of action includes the right to being an independent action on the judgment, but not the right to have the administratrix substituted as a plaintiff in a dissolution action which terminated with the plaintiffs death." Id. CT Page 16932
Similarly, in Abel v. Abel, Superior Court, judicial district of New London at Norwich, Docket No. 525646 (July 9, 1997 J.Booth), the court dismissed an administratrix's action seeking enforcement of a dissolution judgment, holding that "the statutory scheme does not provide for the substitution of the administratrix of a deceased spouse in a divorce proceeding." Again, the court stated that "[t]his does not mean that the decedent's estate is without recourse, only that the administratrix may not pursue enforcement of the judgment within the context of [a] dissolution proceeding or by invocation of the court's contempt power in the dissolution action." Id.
In the present case the plaintiff administratrix does not have standing to maintain the dissolution action, and, therefore, this court lacks jurisdiction.[1] Any redress that the plaintiff may be entitled is more properly addressed in a separate action apart from the dissolution of marriage. See Abelv. Abel, supra, Docket No. 525646; Sanders v. Sanders, supra, Docket No. 060787.
The defendant's motion to dismiss is granted upon that ground.[2] Since this action is dismissed based upon the court's lack of jurisdiction, the plaintiffs motion for contempt is rendered moot.
Potter, J.