[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General Statutes § 46b-162 the State of Connecticut commenced a paternity petition to determine the parentage of a child Teecoiyah Taylor, born February 7, 1999. The first named plaintiff, Christina M. Taylor is Teecoiyah's mother. The named defendant Darren P. Martin is alleged to be Teecoiyah's father.
The petition is dated and signed July 13, 1999. A return of service indicates abode service in the Town of Hartford on August 14, 1999. The court date to which the defendant was summoned was October 12, 1999. The defendant died[1] on September 25, 1999. The court has been asked to determine whether the paternity case can continue in view of the death of the putative father. The court appointed counsel for the minor child.
At common law the death of a party abated an action. Barton v.Town of New Haven, 74 Conn. 729, 730, 52 A. 403 (1902); Booth v.Northrop, 27 Conn. 325 (1858). However, the legislature has passed a statutory remedy. General Statutes § 52-599 states in part: "(a) A cause or right of action shall not be lost or CT Page 1431 destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person. (b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. . . . . If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed."[2]
Our courts have long followed the mandate of the statute and allowed actions properly commenced to continue after the death of a party upon substitution of an executor or administrator.Clemens v. Harris, 120 Conn. 111, 179 A. 334 (1935); Craig v.Wagner, 88 Conn. 100, 103, 89 A. 916 (1914). A cautionary note is that in addition to citing in the decedent's fiduciary, it is also necessary to amend the pleadings to set forth the designation of new parties and their basis to continue on with the action. Matiejaitis v. Johnson, 117 Conn. 631, 638,169 A. 606 (1933).
In researching this issue the court did find one line of cases which would preclude this action from proceeding. In Sanders v.Sanders, Superior Court, judicial district of New London at Norwich, doc. no. 060787 (Booth, J.) the administratrix moved to substitute herself for the deceased plaintiff in a dissolution of marriage action. The administratrix sought to enforce a division of property ordered in the judgment but never completed by the defendant. The court denied the motion, holding that because a dissolution action is a statutory proceeding and that an administratrix is not one of the specific categories of persons permitted to intervene in such an action, the court did not have subject matter jurisdiction to allow the substitution of parties. The same court issued a similar ruling in Abel v. Abel,1997 Ct. Sup. 7292, Superior Court, judicial district of New London at New London, doc. no. FA93-0525646 (Booth, J., July 9, 1997), also citing Livsey v. Livsey, 11 Conn. App. 43, 46.
It could be argued that Abel and Sanders compel a similar result in the present case. Like an action for dissolution of a marriage, a paternity action — or at least one brought pursuant to General Statutes § 46b-162 or § 46b-160
— is a statutory action. The parties to the action are CT Page 1432 delineated in the statute to be the mother, the putative father and in a IV-D case, the State of Connecticut. Potentially, the same subject matter jurisdiction issue could apply.
This court is persuaded that even in the context of a statutory action, Abel and Sanders render an overly restrictive interpretation. First, there is substantial authority suggesting that the remedy provided in General Statutes § 52-599 is available universally. Our courts have held that the statute "gives the plaintiff an absolute right to have the representative of a deceased defendant cited in within one year after the defendant's death. . . ." Worden v. Francis, 170 Conn. 186, 188,365 A.2d 1205 (1976)[3]; Dorsey v. Honeyman, 141 Conn. 397,400, 107 A.2d 260 (1954); Heller v. Conlon, 1997 Ct. Sup. 5133, Superior Court, judicial district of Stamford/Norwalk at Stamford, doc. no. CV94-0136818 (D'Andrea, J., May 30, 1997); see also Warner v. Lancia, 46 Conn. App. 150, 154,698 A.2d 938 (1997).
"Survival of actions is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear." Terwilliger v. Terwilliger,29 Conn. Sup. 465, 469, 293 A.2d 12 (1971); Moen v. Estate ofBaransky, 20 Conn.L.Rptr. 501, 1998 Ct. Sup. 3029 (Skolnick, J.
Oct. 10, 1996); Hornack v. Koehler, 14 Conn.L.Rptr. 299 (PickettJ., May 11, 1995).
The statute has been utilized in family cases. In Dalton v.Dalton, 19 Conn.L.Rptr. 169, 1997 Ct. Sup. 2015 (Shortall, J.
March 6, 1997) the court held that while the death of one of the parties in a dissolution proceeding deprives the court of jurisdiction to render a divorce decree[4] it does not preclude the court from enforcing pre-trial pendente lite orders[5]. It has also been held that in an action to annul an allegedly bigamous marriage, the plaintiff's death would not preclude the matter being prosecuted by her executrix. Perlstein v. Perlstein,26 Conn. Sup. 257, 217 A.2d 481 (1966).
At least one court applied the statute directly in a paternity matter. In a petition brought under General Statutes §46b-172a (a)(b) the Probate Court found it had jurisdiction not withstanding the death of the putative father. On appeal, the Superior Court affirmed.
"A paternity action is a civil action and that statute applies CT Page 1433 to civil actions. The death of a putative father does not defeat or render useless a paternity action any more than the nonappearance of a defendant in such action. Judgments have often been rendered against a nonappearing defendant in paternity cases in this state when all other jurisdictional requirements are met. The reasons for rendering such a judgment are obvious."
"There are no cases in Connecticut in which the issue presented by this appeal has been decided. The brief filed by the defendant B's attorney, however, does cite cases in other jurisdictions where this issue has been decided in favor of the child. The evidence is simply too overwhelming to reach any other conclusion but that the decedent was the natural father of B. To reach a contrary conclusion would be terribly unjust. It would penalize a young child for something over which that child had no control."Anonymous v. Administrator (1983-2), 38 Conn. Sup. 91, 94,463 A.2d 257 (1983)
In another Connecticut case a plaintiff mother was allowed to continue a paternity case brought against the estate of the putative father where he died in a motor vehicle accident prior to commencement of the suit. After reviewing established authority which would preclude such an action, including Hayes v.Smith, 194 Conn. 52, 480 A.2d 425 (1984) and Lalli v. Lalli,439 U.S. 259, 99 S.Ct. 510, 58 L.Ed. 508 (1978), the court concluded that these cases were "preoccupied with a `proof problem' inherent to a paternity action against a putative father who is deceased." Declaring that since these decisions "there have been remarkable advancements made in the medical field in regard to blood and genetic testing for the purposes of establishing paternity . . . [a]ccordingly . . . the `proof problem'. . . has been ameliorated."
The court provided a historical review of the advancement from blood grouping to HLA to DNA testing for paternity matters, noting the progression of statutory changes to match scientific advancement. The court then noted: "When one parent is unavailable, as in the present case, DNA fingerprinting may also be utilized to effectively establish a "probability" of paternity by testing relatives of the unavailable parent. [J.E. Cullins, Jr., Should the Legitimate Child be Forced to Pay for the Sins ofher Father? Sudwischer v. Estate of Hoffpauir, 53 La.L.Rev. 1675, 1714 (1993)]. The DNA "print" of a father, mother, or other relative of the deceased putative father can be compared to the DNA prints of the child and the available mother to determine CT Page 1434 whether the parties are related. Although the process can not be deemed conclusive, it has been recognized by the scientific community as quite valuable. Paternity Testing: Blood GroupSystems and DNA Analysis by Variable Number of Tandem RepeatMarkers, 35 Journal of Forensic Sciences 1217-1225 (1990)." The court concluded that "the fair prosecution of this paternity action does not necessarily depend upon the continued existence of" the deceased putative father. Citing General Statutes §52-599(c)(2), the court ruled that the paternity action "is preserved" against the administrator of the decedent's estate.Lach v. Welch, 11 Conn.L.Rptr., 9 CSCR 701, 1994 Ct. Sup. 6566
(Dranginis, J., June 13, 1994), appeal dismissed (for want of a final judgment) 247 Conn. 439, 721 A.2d 1194 (1998)[6].
In addition to the interest of the State and the plaintiff mother, the child Teecoiyah Taylor's "interest in establishing paternity is a fundamental state and federal constitutional liberty interest [which] the judicial system must afford the child an opportunity to exercise and protect. . . ."Andrews-White v. Mitchell, 15 Conn.L.Rptr. 629,1995 Ct. Sup. 12880 (McWeeny, J. Nov. 13, 1995). These parties (including Teecoiyah) have a substantial interest in pursuing this case to conclusion. As Judge Dranginis points out, there is no longer significant evidential impediment to obtaining a factually accurate result utilizing DNA evidence in accordance with modern scientific methods. The statute provides a legal basis for the action to continue.
Accordingly, the State is directed pursuant to General Statutes § 52-599 (b) to implead the executor or administrator of the defendant's estate and to amend its petition to set forth the designation of the parties and their basis to continue on with the action.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate