[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RUTKIN OLDMAN'S MOTION TO INTERVENE
The law firm of Rutkin and Oldham seeks to intervene in this matter to recover legal fees incurred for representation of the defendant in this action. Rutkin and Oldham was counsel of record for the defendant until May, 1997. Since then, the law firm has withdrawn its appearance and obtained a judgment against the defendant on October 14, 1997, in the amount of $85,000 plus interest at eight per cent, the interest to commence on October 15, 1998. A judgment lien was filed on November 4, 1997, with the Greenwich Land Records upon property owned by the plaintiff and the defendant. Subsequently, the court (Mottolese, J.) ordered the defendant under penalties of contempt to sign a promissory note and mortgage deed given as security. The Motion to Intervene is opposed by the defendant.
The firm of Rutkin Oldham has cited the recent decision in the case of Hill v. Hill, 2000 Ct. Super. 4192 (2000), in which Judge Kavanewsky permitted intervention by the firm of Cohen Wolf in a similar situation. However, as was concluded by the Appellate Court in the case of Livsey v. Livsey, 11 Conn. App. 43 (1987), there are only certain categories of persons who are permitted to intervene in a dissolution action. The court. there reasoned that a dissolution judgment is unique in that it establishes the status and obligations of the parties to a marriage. The court in Livsey permitted only those to intervene as of right. Generally, a person may intervene as of right if he has an interest or title which the judgment will affect. Practice Book §9-18.
Permissive intervention is granted by the courts within its sound discretion. This was the case in Hill v. Hill, supra. In this case judgment has been entered. What must be done now is to carry out the terms of that judgment. To effectuate the terms of the judgment effects CT Page 15941-lc the rights of the plaintiff and the defendant. To permit the movant to intervene could well delay these proceedings even further and would permit it to engage in discovery, motions, and even appeals as a party. The movant does not have an interest that would be effected by the judgment. The movant's rights are fully protected by its judgment and judgment lien.
The motion of Rutkin and Oldham to intervene is denied.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE