[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
On August 1, 1994, the applicants in this tax assessment appeal filed with the court an application pursuant to General Statutes § 12-117a challenging a ruling by the Stamford Board of Tax Review (Board). The application alleges that thirteen properties, owned by the seventeen applicants, were assessed arbitrarily and unfairly, and that following hearings before the Board, the City of Stamford affirmed the assessments. None of the applicants has an CT Page 2773 ownership interest in more than one of the subject properties.
The defendant filed its appearance on August 15, 1994. On August 22, 1994, the defendant filed a request to revise in response to which the applicants filed a revised application on October 13, 1994.
In conjunction with their original application, filed August 1, 1994, the applicants filed a bond in the amount of $250.00 payable to the State of Connecticut. On November 16, 1994, the applicants filed a second bond payable to the City of Stamford in the amount of $250.00 each.
On November 2, 1994, the defendant filed a motion to dismiss for lack of jurisdiction on the grounds that (1) the plaintiffs did not provide the necessary bond pursuant to General Statutes § 12-117a; and (2) the application improperly joins the claims of multiple applicants whose applications should have been brought individually. With respect to the second ground, the defendant has moved to dismiss all of the applicants' claims with the exception of the claim made by the first named applicant, Jane Hughes.
The defendant has timely filed a memorandum of law in support of its motion to dismiss. The applicants have timely filed a memorandum of law in opposition to the motion.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991). The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process and (5) insufficiency of service of process." Ziska v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1955). "Any defendant wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. By failing to file a timely motion to dismiss, a defendant "submit[s] to the jurisdiction of the court." Brunswick v. Inland Wetlands Commission, 222 Conn. 541,550, 610 A.2d 1260 (1992). However, "[l]ack of subject matter jurisdiction may be raised at any time." Park City Hospital v.Commission on Hospitals and Health Care, 210 Conn. 697, 702,566 A.2d 602 (1989). CT Page 2774
"Practice Book § 112 sets forth the order in which pleadings are to be filed." Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989). "Pleadings are not to be filed out of the order specified in § 112, and the filing of a pleading listed later in the order set out by § 112 waives the right to be heard on a pleading that appears earlier on the list." Id.
In the present case, the defendant first argues that the failure of the applicants to file a proper bond as specified by General Statutes § 12-117a[1] deprives the court of subject matter jurisdiction and hence warrants granting of the defendant's motion to dismiss. In support of their motion, the defendants rely uponEcker v. West Hartford, 205 Conn. 219, 530 A.2d 1056 (1987) and earlier cases which stand for the general proposition that statutorily created causes of action require strict compliance with statutory provisions, and that a failure to comply with such provisions deprives the court of jurisdiction and requires dismissal of a complaint.
In Sheehan v. Zoning Commission, 173 Conn. 408, 378 A.2d 519
(1977) the court addressed the plaintiffs' failure to give a proper bond in the context of a zoning appeal.[2] The court stated that "[a]lthough the giving of a proper bond or recognizance is an essential element in the taking of an appeal . . . a statutory provision requiring such a bond is solely for the benefit of the defendant. . . . [A] plaintiff's failure to provide a proper bond or recognizance [is] a serious irregularity, but it [does] not destroy the jurisdiction of the court over the subject matter of the action." Id. 410-11. In addition, the court held that because the plaintiffs' failure to provide the proper bond "was not fatal to the appeal, it could have been waived by the defendant." Id. 411.
In Wilson v. Town of West Hartford, 2 Conn. L. Rptr. 663
(November 1, 1990) (Maloney, J.), the court relied upon Sheehan v.Zoning Commission, supra, 173 Conn. 410-11, in holding that the failure to file a proper bond or recognizance in a tax appeal brought pursuant to General Statutes § 12-118, was not a jurisdictional defect and was thus amendable by the plaintiff. The court granted the defendant's motion to dismiss, but conditioned the dismissal on the plaintiff's failure to amend his appeal within two weeks from the date of the court's order to furnish a proper bond or recognizance. Similarly, in Greenview Associates v. Cityof Milford, 8 Conn. L. Rptr. 238, (January 11, 1993) (Flynn, J.), CT Page 2775 the court granted the defendant's motion to dismiss based on the plaintiff's failure to provide a proper bond or recognizance pursuant to § 12-118 except that the plaintiff was given two weeks from the date of the order to furnish the proper bond.
In the present case, the applicants' initial failure to provide a bond that complied with § 12-117a was an amendable defect that did not deprive the court of jurisdiction over the present appeal. In addition, the applicants have already filed with the court a bond that complies with the provisions of § 12-117a. Moreover, because the applicants' failure to provide a proper bond or recognizance does not deprive the court of subject matter jurisdiction, the defendant waived its right to challenge the improper bond by failing to file its motion to dismiss within the 30 day period prescribed by Practice Book § 142[3] and by filing the motion to dismiss after the defendant's request to revise in contravention of Practice Book § 112.
The defendant's second ground for dismissal is that the applicants' claims cannot be joined in a single complaint because none of the applicants has an ownership or other interest in all of the named properties. The defendant contends that General Statutes § 12-117a requires the applicants to bring their appeals separately, and that the applicants' failure to comply with the statute deprives the court of jurisdiction over the subject matter of the complaint. The defendant argues that the appeals of all but the first named applicant must be dismissed on this ground.
The applicants argue that their claims are not misjoined because they all involve the same assessment formula, applied at the same time by the same authority. In addition, the applicants argue that judicial economy supports the bringing of such appeals in a single action rather than individually.
General Statutes § 12-117a does not indicate whether appeals by several taxpayers may be joined in a single appeal. When this issue has been addressed by the Superior Court, the court's analysis has focused upon the provisions of Practice Book § 133 and/or General Statutes § 52-97. See, e.g., Purple v. Town of EastHampton, 7 CSCR 743, (1992) (Austin, J.); Mueller v.Salisbury Board of Tax Review, 5 Conn. L. Rptr 204 (1991) (Susco, J.). Hence, in the present case, the joinder of parties, though perhaps improper in light of the Practice Book § 133 and General Statutes § 52-97, is not contrary to the provisions of § 12-117a and hence does not implicate the court's jurisdiction over CT Page 2776 the subject matter of this appeal.
Accordingly, because the defendant failed to file its motion to dismiss within the thirty day time limit prescribed by Practice Book § 142 and because the defendant failed to comply with the order of pleadings prescribed in Practice Book § 112, the defendant's motion to dismiss is denied.