# MARTHA WOODWARD *v.* CHARLES WOODWARD
## (15334)

O'Connell, Hennessy and Spallone, Js.

Argued November 13, 1996—officially released January 14, 1997

*Robert S. Kolesnik*, with whom were *Danielle Rado* and, on the brief, *Maureen Norris*, for the appellant (plaintiff).

*Michael A. D'Amico*, for the appellee (defendant).

HENNESSY, J. The plaintiff, Martha Woodward, appeals in a dissolution action from the trial court's postjudgment order that she purchase the defendant's interest in their marital home or list the property for

sale based on a revised appraisal of its fair market value. The court issued the order in response to the defendant's motion for an order to effectuate a term in the judgment of dissolution. The dispositive issue in this appeal is whether the trial court should have granted the plaintiff's request for an evidentiary hearing on two differing appraisals before making its order. The plaintiff's remaining claims on appeal essentially state that the trial court lacked the factual basis to determine that the revised appraisal should supplant the first appraisal as the binding appraisal. We do not address these remaining issues because they are resolved by our analysis of the plaintiff's evidentiary hearing claim.

The marriage of the parties was dissolved on October 19, 1990. In the judgment, the plaintiff was given the option to "buy out" the defendant's interest in the parties' house at the fair market value or, if she was unable or unwilling to do so, to list the property for sale. On August 3, 1992, in a postjudgment modification, the parties entered into an agreement that modified the terms of the dissolution judgment. The court-ordered modification required that a binding appraisal of the fair market value of the marital home be made. In the event that the appraisals performed by the parties' respective appraisers differed by more than 10 percent, it was ordered that a third appraisal be performed by an appraiser selected by the parties' appraisers.

The parties' appraisers arrived at values that differed by more than 10 percent. On September 23, 1994, the trial court, *Harrigan, J.*, ordered that a third appraiser be selected to make the binding appraisal. The third appraiser, William Lanese, estimated the value of the residence at $90,000. In his appraisal report, Lanese stated that "[a] high degree of reliance was placed on the estimated cost of $30,000 to make the subject safe and livable (submitted by Churchill Builders). If a more accurate estimate of costs is made available, the

Appraiser reserves the right to revise his value conclusion." The trial court, *Dranginis, J.*, granted the defendant's request to obtain a more detailed estimate to replace the Churchill Builders estimate.

The second repair estimate of $12,855.26 was initiated and paid for by the defendant. He secured a letter from Lanese that stated, based on the second repair estimate, that the revised estimated value of the house was $125,000. The defendant subsequently filed a motion for order on August 9, 1995, requesting that the court order the plaintiff to purchase the defendant's interest or to place the property on the market at the revised value of $125,000. The trial court, *Shortall, J.*, heard oral arguments on the motion. At that time, the plaintiff requested an evidentiary hearing, but the court declined to grant the plaintiff's request until after it reviewed the previous orders regarding the appraisals. The court stated that it needed to decide whether "the subsequent appraisal supersedes the earlier appraisal by the terms of the two judges' orders." Judge Shortall subsequently issued a memorandum of decision without conducting an evidentiary hearing and granted the defendant's motion for order, utilizing the revised value of $125,000 as the binding appraisal. The plaintiff appeals the issuance of that order to this court.

I

At the outset, we must first decide whether the trial court lacked subject matter jurisdiction because the defendant's August 9, 1995 motion for order requesting that the revised appraisal supplant the first "binding appraisal" amounted to a request for a modification of the property award. General Statutes § 46b-86 (a) allows the court to modify final orders or judgments for the payment of periodic alimony and support but specifically excludes modification of property assignments. The issue, therefore, is whether the trial court modified

a term of the dissolution judgment or simply effectuated the judgment by ordering the revised appraisal to be the binding appraisal.

" 'Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.' *Killingly* v. *Connecticut Siting Council*, 220 Conn. 516, 522, 600 A.2d 752 (1991), quoting *Demar* v. *Open Space & Conservation Commission*, [211 Conn. 416, 425, 559 A.2d 1103 (1989)]; see also *Cross* v. *Hudon*, 27 Conn. App. 729, 732, 609 A.2d 1021 (1992). Thus, if the . . . motion . . . can fairly be construed as seeking an effectuation of the judgment rather than a modification of the terms of the property settlement, this court must favor that interpretation." *Roberts* v. *Roberts*, 32 Conn. App. 465, 470, 629 A.2d 1160 (1993).

It is clear that the trial court properly entertained the defendant's motion for order. The August 3, 1992 modification of the dissolution judgment, agreed to by the parties and ordered by the court, required the parties to obtain a binding appraisal of the fair market value of the marital residence. The defendant's August 9, 1995 motion for order did not seek to modify or to add to the terms of the modified judgment. The defendant merely sought to have Lanese's revised appraisal, based on the second repair estimate, become the binding appraisal. We, therefore, conclude that the defendant's motion was properly before the court and that the trial court had jurisdiction to enter its subsequent order because that order did not operate to modify or to alter the terms of the modified judgment.

II

The plaintiff claims that the trial court improperly denied her request for an evidentiary hearing before issuing its order. We agree.

In his memorandum of decision, Judge Shortall held that the revised appraisal of $125,000 was the binding appraisal. He found that Judge Dranginis' order that a second estimate of repairs be made demonstrated that the previous appraisal of $90,000 was not considered the binding appraisal. He did not allow an evidentiary hearing on the two conflicting repair estimates and stated that "[t]o allow further litigation over the accuracy of the two repair estimates, as requested by the plaintiff, would frustrate the purpose of the parties' agreement and the court's order that the issue of fair market value be resolved by an independent appraiser."

"It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved. *Costello* v. *Costello*, 186 Conn. 773, 776–77, 443 A.2d 1282 (1982) (informal meeting by trial court in chambers with counsel before issuing order to modify dissolution agreement was insufficient to meet due process requirements). Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. *Lampasona* v. *Jacobs*, 7 Conn. App. 639, 642–43, 509 A.2d 1075 (1986) . . . . *Nelson* v. *Nelson*, 13 Conn. App. 355, 367, 536 A.2d 985 (1988); see also *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.*, 168 Conn. 371, 376–77, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976); *Castro* v. *Castro*, 31 Conn. App. 761, 769, 627 A.2d 452 (1993); *Bartley* v. *Bartley*, 27 Conn. App. 195, 197–98, 604 A.2d 1343 (1992); *Duve* v. *Duve*, 25 Conn. App. 262, 269, 594 A.2d

473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992)." (Citation omitted; internal quotation marks omitted.) *Roberts* v. *Roberts*, supra, 32 Conn. App. 475–76.

The plaintiff claims that *Roberts* is factually and legally similar to this case. In *Roberts*, this court held that the trial court should have conducted an evidentiary hearing on the plaintiff's motion for order before ordering a sale of the marital home by auction. Id., 474. "[T]he oral statements of the attorneys at the hearing on the motion and the record itself were the only foundation for the issuance of the order for auction by committee. There was no evidentiary hearing on the plaintiff's motion for order. Even taking into account the deference due the trier of fact . . . the statements of the attorneys were not evidence and were insufficient for the trial court to rely upon in issuing the order for sale by auction." (Citation omitted.) Id., 475. In this case, Judge Shortall made no findings of fact to support his conclusion that the second repair estimate was the more accurate estimate. He based his holding solely on the fact that the appraiser, Lanese, had already incorporated the second repair estimate into a revised appraisal, without any evidence that the second estimate was the more accurate figure.

The defendant argues that this case is distinguishable from *Roberts* because, here, there was no factual dispute to be resolved by an evidentiary hearing. He claims that the two differing appraisal values are not disputed facts because the second appraisal, incorporating the second repair estimate, was only a revision of the first appraisal, and, therefore, the second appraisal was the only binding appraisal. We disagree. The two different appraisals based on conflicting repair estimates constituted a disputed fact that the court should have resolved

by conducting an evidentiary hearing before making its order.

We further hold that the trial court incorrectly determined that allowing an evidentiary hearing would frustrate the purpose of the original order for an independent appraiser to resolve the issue of fair market value. Lanese, using the second repair estimate, increased the appraisal value by $35,000, without explaining why he chose the second estimate over the first. The evidentiary hearing would have merely addressed the issue of the two conflicting repair estimates, and the parties would have been given the opportunity to put forth evidence as to which of the two estimates should be incorporated into Lanese's binding appraisal.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.