[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR THIRD PARTY INTERVENTION(DOCKET ENTRY NO. 109)
The plaintiff and the defendant are parties to a pending action for the dissolution of their marriage. CT Page 11550
Before the court is a motion by Robert S. Beale (hereinafter "movant") to intervene in this action. In support thereof, movant represents that: he is the father of the plaintiff; that on or about June 30, 1993, he loaned the sum of $140,000 to the parties for the purchase of the present marital residence; that said loan is evidenced by a note executed by the parties; that said note was/is to be repaid in monthly installments of $500.00 until paid in full or until such time as the marital residence is sold or otherwise conveyed, at which time the entire remaining balance is to be repaid; that the parties previously made payments as agreed and the plaintiff continues to make payment, but that the defendant has recently contested the existence and/or validity of the note and loan; that as to the $140,000 loaned for the purchase of the marital residence, a resulting trust has been created in his favor by virtue of which he maintains an interest in the marital residence. The defendant has objected to the motion to intervene.
The court has read the several Connecticut appellate cases cited by the movant and the defendant in their briefs. SeeMolitor v. Molitor, 184 Conn. 530 (1981); Gaudio v. Gaudio,23 Conn. App. 287 (1990); Livesy v. Livesy, 11 Conn. App. 43
(1987); Derderian v. Derderian, 3 Conn. App. 522 (1985). These cases, by and large, involve situations wherein a party sought to annul a fraudulent conveyance to a third party, so that the property conveyed could be distributed as an asset of the marital estate. This court does not read these cases so broadly, so as to allow a simple creditor of the parties to intervene in the dissolution action for the purpose of protecting his debt.
This court has also canvassed Connecticut superior court decisions to determine their bearing on the issue presented. There are a number of such cases which allow joinder or intervention by third parties, but only when such parties claim a legal or equitable interest in property involved in the dissolution action. See, Corcoran v. Corcoran, FA93 116631, Judicial District of Waterbury, 9/27/96 (Shortall, J.); Montadav. Montada, FA94 362150, Judicial District of New Haven, 11/29/94 (Pittman, J.); Eriksen v. Eriksen, FA 271254, Judicial District of Fairfield, 9/17/92 (Bassick, J.); Farrellv. Farrell, FA 247026, Judicial District of New Haven, 7/6/92 (Jones, J.); Lumley v. Lumley, FA90 267626, Judicial District of Fairfield, 9/6/91 (Bassick, J.). On the other hand, a superior court has denied a motion to intervene in a case where CT Page 11551 the movant, a law firm, sought to join a dissolution action claiming that it was a creditor of the plaintiff for unpaid legal fees. Hill v. Hill, FA91 283614, Judicial District of Fairfield, 4/5/95, 13 CONN. L. RPTR. 633 (Petroni, J.). None of these cases, therefore, offer assistance to the movant.
Finally, the movant claims that as a consequence of the loan transaction, there should be a resulting trust imposed on the marital property in his favor. "The law on resulting trusts in Connecticut is well settled. Resulting trusts arise by operation of law at the time of a conveyance when the purchase money for property is paid by one party and the legal title is taken in the name of another." Farrah v. Farrah, 187 Conn. 495, 500 (1982). However, the "general rule is that the use of borrowed money in making a purchase does not raise a resulting trust in favor of the lender, even where the money is loaned to enable the borrower to purchase the property in question. 76 Am.Jur.2d, Trusts, 212."Zack v. Guzauskas, 171 Conn. 98, 103 (1976).
In the instant case, as the plaintiff in Zack supra, the movant is a simple creditor of the parties to this dissolution action. The conclusory allegation that there is a resulting trust in the marital property in favor of the movant is not sufficient to allow him to intervene.
For the foregoing reasons, the motion to intervene is denied. So ordered.
KAVANEWSKY, J.