[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this medical malpractice action the plaintiff moved to compel the defendant's disclosure of a two-page document provided by the defendant to one of his expert witnesses. It is clear from that witness' deposition that he considered the information contained in that document, at least in part, in reaching his opinions in this case.
It is equally clear, from my in camera review of the two-page document, that it was "prepared in anticipation of litigation" by one of the attorneys representing the defendant. Thus, it falls squarely within the definition of "work product" contained in CT Page 11560 section 219 of the Practice Book and the Supreme Court's decision in Stanley Works v. New Britain Redevelopment Agency,155 Conn. 86, 95 (1967).
The question presented, then, is whether the defendant's disclosure of this clearly privileged document to its expert witness and his consideration of it in reaching his opinions provide the basis required by section 219 for its disclosure to the plaintiff. That rule requires the plaintiff to make a "showing" that he "has substantial need of the materials (prepared in anticipation of litigation) in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means".
Had this document remained undisturbed in the file of the defendant's counsel, it would clearly not be disclosable to the plaintiff. Its disclosure to the expert witness, who will testify at trial, and his use of it in reaching his opinions, however, seem to me to change the equation and to import into my decision a constitutional aspect.
The dictates of the due process clauses of the state and federal constitutions apply to civil as well as criminal cases. See Woodward v. Woodward, 44 Conn. App. 99, 103 (1997), and cases cited therein. One of those dictates is that a party have "an opportunity to confront and cross-examine adverse witnesses."Goldberg v. Kelly, 397 U.S. 254, 269 (1970). This is especially true in a medical malpractice case where the importance of expert testimony looms so large. In this case the plaintiff's ability effectively to cross examine the defendant's expert will be compromised if he is not able to know what information provided by defendant's counsel was considered by the expert in reaching his opinions. Thus, I find that the plaintiff has a "substantial need" for the document in question in this case. I find, further, that he is "unable without undue hardship to obtain" its substantial equivalent. While my review of the document revealed that, for the most part, it consists of a compilation of observations from the hospital records and the plaintiff's deposition concerning his use of anabolic steroids, the plaintiff is wholly unable to know, without his own inspection of the document, just which information from those voluminous records and that deposition were provided to the expert for his consideration in reaching his opinions.
The plaintiff argues that the court, in ordering disclosure CT Page 11561 of this document, should order disclosure of any "mental impressions" of defense counsel contained therein, even in the face of section 219's explicit injunction against such disclosure. At least one trial court opinion of which I am aware makes the distinction between "fact work product" and "opinion work product" which appears to be compelled by the rule. Scovishv. The Upjohn Company, No. 526520, 15 CONN. L. RPTR. 446,1995 Ct. Sup. 13151
(Judicial District of New London, November 22, 1995). The federal courts make the same distinction. See, e.g., Environetics,Inc. et al v. Millipore Corporation, Civil No. 2:92cv825 (D.Conn., June 16, 1997).
While there may be occasions where the constitutional imperative of effective cross examination would override the rule's prohibition of disclosure of "mental impressions" of a party's counsel, such as where those mental impressions might have unduly influenced the expert witness, my review of the document in question here discloses no such undue influence. The small portions of the document which I will not order disclosed contain nothing more than very brief statements by defendant's counsel of possible strategic considerations.
Accordingly, the plaintiff's motion to compel is granted as to the compilations of observations from the hospital records and the plaintiff's deposition, with the redaction of material specifically identified at the oral argument on the plaintiff's motion.
A copy of the unredacted document shall be marked as a court's exhibit and sealed for possible appellate review.
SHORTALL, J.