[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 17, 1996, the plaintiff, Yale Church of Truth, Ralph J. Lombardi, Trustee, filed a complaint alleging that the defendant, the Town of Windsor Locks, in its 1989 revaluation of town properties, "excessively assessed" two church properties. The plaintiff alleges that he learned of the revaluation on July 31, 1990, and subsequently, has received' limited relief from town appeals boards." On August 23, 1996, the defendant filed the present motion to dismiss accompanied by a memorandum of law. On September 3, 1996, the plaintiff filed an objection to the motion to dismiss.
 I
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." Savage v. Aronson, 214 Conn. 256, 264,571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ."Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong."Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Woodward v.Woodward, 44 Conn. App. 99, 102, 683 A.2d 1010 (1997); see also Cross v. Hudon, 27 Conn. App. 729, 733, 609 A.2d 1021
(1992) ("[a] trial court should make every effort to CT Page 703 adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal").
 II
The defendant argues that the court does not have jurisdiction in this case because the plaintiff failed to file the tax appeal within the two month period prescribed by statute. Specifically, the defendant argues that the plaintiff is statutorily mandated to file an appeal with the Superior Court within two months of the mailing of notice of action by the board of tax review, and his alleged failure to timely file statutorily bars this action.[1] The defendant also contends that the plaintiff failed to summon the proper party, the board of tax review, and that he failed to provide the statutorily required recognizance.
The plaintiff responds that the complaint was timely filed on May 17, 1996, within two months of the notice of decision by the Town of Windsor Locks Board of Assessment Appeals (the "board") dated March 22, 1996. He has provided (Exhibit A) copies of two letters of decision addressing the 1995 tax assessment received from the board dated March 22, 1996. The plaintiff further responds that the town is the proper defendant, and that recognizance was provided.[2]
"[T]he legislature has established two primary methods by which taxpayers may challenge a town's assessment or revaluation of real property. First, any taxpayer claiming to be aggrieved by an action of an assessor may appeal, pursuant to General Statutes § 12-111, to the town's board of tax review. The taxpayer may then appeal, pursuant to General Statutes [§ 12-117a], an adverse decision of the town's board of tax review to the Superior Court. The second method of challenging an assessment or revaluation is by way of General Statutes § 12-119." Wilson v. Kelly,224 Conn. 110, 117-18, 617 A.2d 433 (1992).
General Statutes § 12-117a "allows a taxpayer to challenge the assessor's valuation of his property."Pauker v. Roig, 232 Conn. 335, 340, 654 A.2d 1233 (1995);Tyler's Cove Assn., Inc. v. Middlebury, 44 Conn. App. 517, CT Page 704 526, 690 A.2d 412 (1997). Section 12-119 allows a taxpayer to assert a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of real property. Case law makes it clear that a mere claim of an excessive assessment is insufficient to support an action under this provision. Rather, § 12-119 requires an allegation that something more than mere valuation is at issue. Tyler'sCove Assn., Inc. v. Middlebury, supra, 44 Conn. App. 526;Pauker v. Roig, supra, 232 Conn. 340-41. "The focus of § 12-119 is whether the assessment is illegal." Tyler'sCove Assn,. Inc. v. Middlebury, supra, 44 Conn. App. 527.
The plaintiff in this matter is pro se. It is the policy of the court to allow great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party." Mozzochi v.Freedom of Information Commission, 44 Conn. App. 463, 464-65,688 A.2d 363, cert. denied, 241 Conn. 919, 696 A.2d 986
(1997). Also, the court must consider the allegations of the complaint in their most favorable light; Savage v.Aronson, supra, 214 Conn. 264; and must indulge every presumption favoring jurisdiction. Woodward v. Woodward,
supra, 44 Conn. App. 102. Consistent with these principles, the court, for the purpose of this motion, views the plaintiff's complaint as an appeal of the board's March 22, 1996 decisions regarding the assessments resulting from the 1989 revaluation. The issue is whether the plaintiff's appeal of the 1995 tax assessment, based on the 1989 revaluation, was brought in a timely fashion pursuant to General Statutes § 12-117a.
§ 12-117a provides in pertinent part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals . . . may,within two months from the date of the mailing of notice ofsuch action, make application, in the nature of an appeal therefrom, with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, October 1, 1994, or October 1, 1995, and with respect to the assessment list for assessment years thereafter, to the CT Page 705 superior court . . . which shall be accompanied by acitation to such town or city to appear before said court. . . . The authority issuing the citation shall take fromthe applicant a bond or recognizance to such town or city,
with surety, to prosecute the application . . . . If, during the pendency of such appeal, a new assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year and such applicant need not appear before the board of tax review or board of assessment appeals . . . to make such amendment effective." (Emphasis added.)
The record in the present case reflects that the plaintiff filed his complaint within two months from the date of the mailing of the board's decision regarding the 1995 assessment; the complaint was made against, and accompanied by a citation to, the town; and, a $250 recognizance by Charles A. Burke was provided within the summons. See: Hughes v. Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140001 (March 24, 1995, Karazin, J.) (13 Conn. L. Rptr. 615, 616) (holding that the $250 recognizance provided in the summons complied with the provisions of § 12-117a, and that an "initial failure to provide a proper bond that complied with § 12-117a was an amendable defect which did not deprive the court of jurisdiction").
In a recent Supreme Court decision, Jupiter Realty Co.v. Board of Tax Review, 242 Conn. 363, 698 A.2d 312 (1997), the court addressed the issue of "whether, pursuant to General Statutes . . . §§ 12-111 and 12-117a, a taxpayer can challenge an assessor's decennial revaluation, conducted pursuant to General Statutes . . . § 12-62, in an interim year between decennial revaluations." Id., 364-65. In Jupiter, the plaintiff appealed to the Superior Court from the refusal of the defendant board of tax review to reduce its tax assessment on the list of October 1, 1992, claiming that the assessment, which was based upon the 1991 revaluation, was excessive. During the pendency of the appeal, the plaintiff amended its appeal to include the assessments for the subsequent years 1993, 1994 and 1995. The court in Jupiter held that "in the years intervening between decennial valuations, a taxpayer may . . . challenge an assessment on the ground that the CT Page 706 decennial revaluation overvalued the taxpayer's property." Id., 365. The court agreed with the plaintiff "that neither § 12-62 nor any other statutes bearing on tax appeals preclude a property owner from bringing an appeal that challenges the decennial revaluation in a year subsequent to the revaluation year." The court held that: we decline to read our statutes so as to limit appeals of allegedly inaccurate valuations to the year of the revaluation because such a rule would generate severe inequities." Id., 371. "[A] challenge to the decennial revaluation in a subsequent year seeks only to correct an already existing revaluation." Id., 374-75.
The Jupiter court also considered the argument that the action was time barred under the statute. "Last, the board claims that the tax appeals statutes themselves bar the plaintiff's action because the time during which the plaintiff could challenge the decennial revaluation of October 1, 1991, has passed. The board, however, misreads the appeals statutes in reaching this conclusion. Section12-111 provides that `any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review . . . . The specific doing of the assessor' from which the plaintiff appealed was the 1992 yearly assessment and not the decennial revaluation. Any time bar to this action; see §§ 12-111 and 12-117a; therefore, must use as its initial reference point the 1992 assessment and not the decennial revaluation. The fact that the decennial revaluation is the basis of the yearly assessments . . . is of no consequence to the question of whether the appeal was taken timely." (Citations omitted.) Id., 374.
In the present case, the appeal is from the decision rendered on March 22, 1996 in which the board ruled specifically on the question of the 1995 assessment. The plaintiff's appeal was timely and, as the pro se complaint fairly states, the appeal puts in issue taxes assessed in 1995 based on the decennial revaluation of 1989.[3] Pursuant to General Statutes § 12-62, "we must allow a taxpayer to challenge a decennial revaluation whenever it is used as the basis for a yearly assessment." Jupiter Realty Co. v.Board of Tax Review, supra, 242 Conn. 368.
Based on the foregoing, it is concluded that the CT Page 707 plaintiff has satisfied the statutory requirements for bringing this action. The defendant's motion to dismiss is denied.
Mulcahy, J.