STATE OF CONNECTICUT *v.* ROLAND NORWOOD
(AC 15979)

O'Connell, C. J., and Lavery and Hennessy, Js.

Argued December 12, 1997—officially released February 3, 1998

*H. Jeffrey Beck,* for the appellant (defendant).

*Richard F. Jacobson,* supervisory assistant state's attorney, with whom, on the brief, was *Gerard Eisenman,* assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from his conviction, after a jury trial, of having a weapon in a motor vehicle without a permit in violation of General Statutes § 29-38.[1] At the same time, the defendant was also convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). On appeal, he does not challenge his robbery conviction.

---

[1] General Statutes § 29-38 provides in pertinent part: "Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon for which a proper permit has not been issued . . . shall be fined not more than one thousand dollars or imprisoned not more than five years or both, and the presence of any such weapon in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof. The word 'weapon', as used in this section, means any pistol or revolver . . . ."

The defendant claims that the trial court improperly (1) instructed the jury on the weapons charge, (2) denied his motion for judgment of acquittal and (3) admitted an exhibit without a proper chain of custody. We reverse the trial court's judgment in part and order a new trial.

The following facts are necessary for the disposition of this appeal. On May 24, 1995, the victim and a friend were walking on Broad Street in downtown Bridgeport when the defendant approached the victim and placed a gun to his head. The defendant stole money from the victim's person and then ran down the street and entered a vehicle. The victim found a police officer in the immediate vicinity and together they gave chase in a cruiser until the vehicle carrying the defendant was stopped nearby. The defendant was seated in the backseat of the vehicle and was identified by the victim as the individual who had committed the robbery. After the officer conducted a lawful search of the vehicle and found two guns therein, he placed the defendant under arrest.

In his first claim, the defendant argues that the trial court's jury instruction improperly omitted an essential element of the crime with which he was charged. It is axiomatic that it is the state's burden to prove every element of the crime beyond a reasonable doubt, and the court's failure to charge on an essential element of a crime constitutes a constitutional defect. *State* v. *Tweedy*, 219 Conn. 489, 510–11, 594 A.2d 906 (1991).

In the present case, the trial court failed to include in its instruction the statutory definition of a pistol as set forth in General Statutes § 29-27.[2] The defendant properly preserved this claim for review by filing a

---

[2] General Statutes § 29-27 provides: "The term 'pistol' and the term 'revolver', as used in sections 29-28 to 29-38, inclusive, mean any firearm having a barrel less than twelve inches in length."

request to charge the jury that the length of the gun barrel must be less than twelve inches.

This appeal is controlled by *State* v. *Hamilton*, 30 Conn. App. 68, 74–78, 618 A.2d 1372 (1993), aff'd, 228 Conn. 234, 636 A.2d 760 (1994). In *Hamilton*, the defendant walked up to a backyard swimming pool where a boy and his friends were swimming and, at gunpoint, ordered them into the house. Once inside, the defendant demanded money, pointed the gun at the boy's father and fired one shot into the ceiling. Id., 70. The defendant was subsequently charged with, inter alia, carrying a pistol without a permit. In its charge to the jury, the trial court failed to define the term pistol as specified in § 29-27, and failed to inform the jury that to find the defendant guilty of carrying a pistol without a permit, it first must find proven beyond a reasonable doubt that the defendant was carrying a weapon that had a barrel less than twelve inches in length.

The *Hamilton* court held that the length of a gun's barrel was an essential element of the crime of carrying a pistol without a permit in violation of General Statutes § 29-35[3] and that failure to instruct the jury thereon required reversal of the judgment of conviction. "A jury's verdict finding an accused guilty of a crime necessarily includes a determination that the state has proven all the elements of that crime beyond a reasonable doubt. . . . Such a verdict cannot be upheld unless the jury had a proper instruction from the court as to the law, which must include an identification of each and every essential element for which the state has the burden of proof beyond a reasonable doubt. Without such a basic instruction, we cannot conclude that the

[3] General Statutes § 29-35 provides in relevant part: "No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same . . . ."

jury acted in a fair manner." (Citation omitted.) *State v. Hamilton*, supra, 30 Conn. App. 76.

"We find . . . where the trial court failed to instruct the jury that in order to find the defendant guilty of carrying a pistol without a permit it must specifically find that the defendant had carried upon his person a firearm having a barrel less than twelve inches in length. The omission of any instruction on the barrel length of the weapon deprived the jury of the ability to perform its task properly." Id., 78.

For the purposes of this opinion, we discern no material difference between the crime of carrying a pistol without a permit in violation of § 29-35, as in *Hamilton*, and having a pistol in a motor vehicle without a permit in violation of § 29-38, as in the present case. Accordingly, in light of *Hamilton*, the defendant's conviction for violation of § 29-38 cannot stand.

Our conclusion on the defendant's first claim is dispositive of this appeal. We do not reach the issues in the defendant's other claims because they are not likely to arise on retrial.

The judgment is reversed only as to the conviction of having a weapon in a motor vehicle without a permit and the case is remanded for a new trial on that charge.

In this opinion the other judges concurred.