[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
On September 26, 1996, the plaintiff, Joan P. Beadles (Beadles), filed an action against the defendants, the Department of Children and Families (DCF), the Commissioner of the DCF, and Doloris Davis (Davis), a foster mother for the DCF. This action arises out of the plaintiff's dissatisfaction with actions of the DCF in regard to the care and treatment of her daughter, Clarissa Beadles (Clarissa). Beadles alleges that her efforts to get needed care for Clarissa resulted in Clarissa's commitment to the care and custody of the DCF, Clarissa's placement in foster care with Davis, and Clarissa's subsequent removal from Davis' home after being injured when assaulted by another foster child in Davis' care. Based on these facts, Beadles alleges neglect and reckless disregard by the DCF of the well-being and safety of Clarissa. On August 8, 1997, the defendant filed a motion to dismiss on the grounds of sovereign and statutory immunity and failure to exhaust administrative remedies. On October 27, 1997, Beadles filed an objection to the motion to dismiss.
Discussion
Practice Book § 143, now Practice Book (1998 Rev.) § 10-31, provides in relevant part that "[t]he motion to CT Page 1860 dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Figueroa v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996). "The issue of subject matter jurisdiction can be raised at any time. . . ." (Internal quotation marks omitted.) Gagnon v. Planning Commission,222 Conn. 294, 297, 608 A.2d 1181 (1992). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case."Community Collaborative of Bridgeport Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Woodward v. Woodward, 44 Conn. App. 99,102, 683 A.2d 1021 (1992). "The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal Deposit Ins. Co. v.Peabody N.E., Inc., 239 Conn. 93, 99, 680 A.2d 321 (1996).
I. Sovereign Immunity as to the DCF and the Commissioner
The doctrine of sovereign immunity is a "well settled principle that the sovereign [the state] is immune from suit unless the state, by appropriate legislation, consents to be sued." Federal Deposit Ins. Co. v. Peabody N.E, Inc.,239 Conn. 93, 101, 680 A.2d 1321 (1996). "The common law doctrine of sovereign immunity dictates that suits against the state can be maintained only in exceptional circumstances. . . . One such circumstance is where the legislature, by appropriate legislation consents to being sued. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted.) Amore v. Frankel,29 Conn. App. 565, 568, 616 A.2d 1152 (1992). In addition, sovereign immunity does not bar claims alleging unconstitutional acts by the state or its agents or acts in excess of statutory authority.Pamela B. v. Ment, 244 Conn. 296, 328, ___ A.2d ___ (1998); Antinerellav. Rioux, 229 Conn. 479, 487, 642 A.2d 699 (1994).
The defendant argues that the plaintiff's claims against the DCF and the Commissioner, an agency and an agent of the state, is CT Page 1861 barred by the doctrine of sovereign immunity because the plaintiff's allegations do not fall within any of the exceptions. Specifically, the defendant argues that the plaintiff does not claim: (1) statutory waiver of sovereign immunity and legislative consent to suit; (2) that the state violated a constitutional right of the plaintiff; or (3) that a state official violated the plaintiff's rights by acting in excess of his statutory authority.
The plaintiff responds that the defendant's motion to dismiss should be denied on the grounds that her rights pursuant to General Statutes § 46b-38a have been violated. General Statutes § 46b-38a through 46b-38f provide for intervention by peace officers into crimes of family violence and counseling and education services for family members committing or victimized by family violence. The plaintiff, who is pro se in this matter,[1] has misapplied General Statutes § 46b-38a, the definitional section of these provisions. This statute is inapplicable to the circumstances of this case, and does not afford the relief sought.
In the present case, the DCF and the commissioner, as an agency and agent of the state, are immune from liability pursuant to the doctrine of sovereign immunity. The plaintiff's allegations do not fall within any of the three exceptions to the bar to sovereign immunity, nor does she allege that she obtained permission of the claims commissioner to sue the state. Accordingly, the plaintiff's claims against the DCF and the commissioner must fail.
II. Sovereign Immunity as to Davis
General Statutes § 4-165 provides in relevant part that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." Because § 4-165 abrogates common law rights of redress against state officers and employees, the statute must be strictly construed. McKinley v. Musshorn,185 Conn. 616, 621, 441 A.2d 600 (1981). "We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the CT Page 1862 state. . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant." (Internal quotation marks omitted.) Tamm v.Burns, 222 Conn. 280, 283, 610 A.2d 590 (1992); see also Barrettv. Scozzafava, Superior Court, judicial district of Waterbury, Docket No. 117972 (October 31, 1994, Sullivan, J.) (9 Conn. L. Rptr. 1220) ("a claim for damage or injury caused by an officer of the state while acting within the scope of his employment must be brought under the procedures for asserting claims against the state under General Statutes §§ 4-141, et seq.").
The defendant argues that Davis is immune from liability under § 4-165, as she is an employee of the state. The defendant relies on the court's determination in Hunte v.Blumenthal, 238 Conn. 146, 149-50, 680 A.2d 1231 (1996), that DCF foster parents are employees of the state for the purposes of liability pursuant to General Statutes §§ 4-165 and 4-141. The defendant argues that, as a DCF foster parent, Davis was an employee of the state acting within the scope of her employment, and is, therefore, protected by statutory immunity from liability pursuant to § 4-165. The defendant further argues that the plaintiff does not allege that Davis's conduct in the discharge of her duties was "wanton, reckless or malicious" in order to remove the claim from the statutory bar.
A review of the complaint reveals that although the plaintiff requests "investigation of neglect and reckless disregard to minor child Clarissa" (Plaintiff's complaint, 1), she does not allege specific acts of "wanton, reckless or malicious" conduct by Davis in the discharge of her duties within the scope of her employment related to Clarissa's care, or related to the assault on Clarissa, in order to overcome the bar of statutory immunity pursuant to General Statutes § 4-165.[2] See Sidarweck v.Quaezar, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345329 (November 26, 1997, Skolnick, ("In making a claim for willful or malicious conduct, the plaintiff must do more than merely incorporate those words into the complaint. . . . The complaint must make a specific allegation setting out the conduct that is claimed to be reckless or malicious. . . .").
Considering the allegations of the complaint in the most favorable light; Savage v. Aronson, 214 Conn. 256, 264,571 A.2d 696 (1990); indulging every presumption favoring jurisdiction;Woodward v. Woodward, 44 Conn. App. 99, 102, 686 A.2d 1010
CT Page 1863 (1997); and remaining consistent with the principles of latitude afforded to pro se litigants; Blakeney v. Commissioner ofCorrection, supra, 47 Conn. App. 586; the court is unable to find the necessary allegations of `wanton, reckless or malicious conduct' to bring this complaint within the exception to sovereign immunity. See Lemoine v. McCann, supra,40 Conn. App. 465. The plaintiff, in the present case, fails to allege specific reckless or malicious conduct by Davis to fall within the exception to sovereign immunity pursuant to § 4-65; thus, the claim against Davis also fails.
III. Failure to Exhaust Administrative Remedies
As discussed earlier, the ground of sovereign immunity is sufficient as a basis on which to dismiss this action, thus it is not necessary to address the issue of the failure to exhaust administrative remedies. The case could, however, be dismissed on this alternative ground.
Failure to exhaust administrative remedies is a proper ground for a motion to dismiss. See Johnson v. Department of PublicHealth, supra, 48 Conn. App. 108; Gemmell v. New Haven,32 Conn. App. 280, 283, 628 A.2d 1331 (1993). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018
(1995). Furthermore, "[b]ecause the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim." (Internal quotation marks omitted.) Johnson v. Department of Public Health, supra, 48 Conn. App. 108.
"There are some exceptions to the exhaustion doctrine, although we have recognized such exceptions only infrequently and only for narrowly defined purposes. . . . We have recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate . . . the procedures followed by the administrative agency are constitutionally infirm . . . or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm." (Citations omitted; internal quotation marks omitted.) Polymer Resources, Ltd. v. Keeney, 227 Conn. 545, 561, CT Page 1864630 A.2d 1304 (1993). "It is futile to seek a remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." O GIndustries Inc. v. Planning Zoning Commission, 232 Conn. 419,429, 655 A.2d 1121 (1995).
The defendant argues that the court lacks jurisdiction to hear this matter on the ground that the plaintiff has failed to exhaust administrative remedies available pursuant to General Statutes § 17a-15(a) and (b).[3] Specifically, the defendant argues that the plaintiff has not requested a hearing concerning the treatment plans and/or services for her daughter, which is the preliminary procedure to the right to an administrative appeal to the superior court pursuant to General Statutes §§ 17a-15(d) and 4-183. The defendant argues that absent prior compliance to General Statutes § 17a-15(a) and (b), the Superior Court does not have jurisdiction.
The plaintiff does not allege or respond that she has pursued any administrative remedy in this matter. Nor does she allege that the available administrative solution is futile or inadequate in order to defeat the exhaustion of remedies doctrine. Thus, the plaintiffs action may also be dismissed on the ground of the exhaustion of remedies doctrine.
 Conclusion
Based on the foregoing, the defendants' motion to dismiss the plaintiff's complaint is hereby granted.
Stengel, J.