## JACQUELYN VARGAS ET AL. *v.* YALE-NEW HAVEN HOSPITAL, INC., ET AL.

Superior Court      Judicial District of      CV950369478S
New Haven

Memorandum filed April 28, 2000

*Silver, Golub & Teitell* and *Kenneth G. Bartlett,* for the plaintiffs.

*Wiggin & Dana,* for the named defendant et al.

*Jackson, O'Keefe & Phelan,* for the defendant Marianne M. Beatrice.

OWENS, J. The named plaintiff, Jacquelyn Vargas, and the minor plaintiff, Angel-Lynn Vargas, have filed a very comprehensive motion dated April 12, 1999, for

production of the list of the defendant Marianne M. Beatrice, a physician, tabulating all cases in which expert witness Curtis Cetrulo, a physician, testified in deposition or at trial in the past four years, including transcripts, memoranda of parties, counsel, the defendant's insurance company and other related data. The plaintiffs also seek a copy of all lists filed in the United States District Court detailing Cetrulo's experience as an expert. A copy of Cetrulo's list of publications and a copy of all material furnished to Cetrulo by Beatrice and her counsel for purpose of review are also sought. Copies of Cetrulo's "In Press" publications are sought as well.

Beatrice, in response to the April 12, 1999 motion, sought a protective order dated May 5, 1999, seeking to protect herself from responding to both the interrogatories and the plaintiffs' request for production. The motion for protective order was granted only as to the interrogatories on July 6, 1999. The information sought by way of production is clearly relevant to the preparation of the plaintiffs' case and is matter that is necessary for cross-examination purposes. The present action arises out of a medical malpractice claim which alleges that, as a result of the negligence of Beatrice and others during prenatal care rendered to the named plaintiff, the latter delivered a child, who suffers from serious physical and neurological injury.

The defendants' arguments opposing the plaintiffs' written production requests directed to Beatrice's expert are that the Practice Book makes no provision for such written requests and this type of written discovery request may be used only in lieu of oral examination. Beatrice further objects first, to providing the plaintiffs with the information in advance of deposition in that it is not provided for in the rules of practice. Second, she objects that to require her expert to collate all the information sought would be unduly burdensome and

beyond the scope of permissible Connecticut discovery practice. It should be noted that Beatrice has filed no predeposition discovery as to the plaintiffs' experts. Beatrice sent the plaintiffs' expert, Michael Brodman, a physician, notice of his deposition and requested the documents he brought to the deposition, as is the common practice.

Clearly, the requested nonprivileged material is discoverable as long as it is calculated to lead to the discovery of admissible evidence. Practice Book § 13-2. In recent years, Connecticut has developed a liberal discovery doctrine. *Sanderson* v. *Steve Snyder Enterprises, Inc.*, 196 Conn. 134, 140, 491 A.2d 389 (1985).

In the past, Cetrulo has testified on numerous occasions, both by way of deposition and in the courtroom. It is conceivable that Cetrulo may have given testimony on written articles and documents that might not be consistent with the testimony or opinion that he might express in the present case.

The Federal Rules of Civil Procedure, which our courts continue to adopt on a piecemeal basis, have long since codified the principle that requires an expert to disclose "a listing of any other cases in which the witness has testified as an expert witness at trial or by deposition within the preceding four years." Fed. R. Civ. P. 26 (a) (2) (B). Four years is neither unreasonable in the United States District Court, nor is it unreasonable in the Connecticut courts.

If Beatrice, through her attorneys, provided documents to Cetrulo, upon which he based his opinion, these documents would no longer be protected by the work product doctrine and must be disclosed. *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 251, 654 A.2d 748 (1995); *Michaud* v. *Hendrikson*, Superior Court, judicial district of New Haven, Docket No. CV900099015 (November 26, 1997) (21 Conn. L. Rptr. 19, 20). As a

party defendant, Beatrice is required to provide the materials set forth in the requests for production directed to Cetrulo. Cetrulo is her expert, and she not only relies upon his testimony, but vouches for the same. To suggest now that the requests are directed to Cetrulo, her expert, and that she is not required to produce the same places the plaintiffs in a catch-22 situation and her claim is, at best, specious.

The defendants' contention that the Practice Book does not provide for written discovery requests propounded to the expert and that the same rules of practice do not specifically require production of documents prior to the actual deposition are correct. Neither do those rules require a defendant's expert to create lists nor to accumulate transcripts. It is important, however, to consider Practice Book § 1-8, which sets forth the principle that the design of the rules of court is to facilitate business and advance justice. Practice Book § 1-8 requires the court to interpret the rules liberally where a strict adherence to them would work surprise or injustice.

The rules are not set in stone. Every case has to be considered separately, but the spirit of the rules is more greatly enhanced by liberal discovery. It is unacceptable to argue that having reports, transcripts of expert's testimony and lists of cases made available to either a defendant or a plaintiff well in advance of deposition in complex cases, does not expedite the judicial process. Common experience dictates that for the plaintiff or the defendant to be handed cartons of unindexed material at deposition can only occasion great delay and added attorney's fees. To furnish this information in advance means that both sides will be better prepared and, in some instances, will result in settlement of the claim. This court is well aware that some experts do not have all of the materials requested at their fingertips, but that those experts who frequently testify in the

federal court have this information readily available. For those experts who are unable to furnish lists, transcripts, and writings in advance of deposition, it is more likely that they will be better prepared when they reach the doorstep of the office where they are being deposed. In the present case, it is conceded by counsel for Beatrice that the latter is prepared to deliver all documents and information at the time of Cetrulo's deposition. Beatrice suggests that if this court deems it appropriate, the federal rule, that the defendants pay a reasonable fee for time spent in preparing the same by the expert, should be followed. The court fails to find logic in this argument. Since it must be provided ultimately, no substantial additional cost is required to provide the same in advance of deposition.

In conclusion, this court notes that all orders shall be complied with by making material available to the plaintiffs within seven days prior to the date of deposition.

The requests for production of items number one, three, five, seven, eight, nine, ten, eleven, thirteen, fourteen and fifteen are granted.

The requests for production of items number two, four and six are granted, if transcribed.

The request for production of item number twelve and item number sixteen shall be produced at the time of deposition.