## HENRIK AARESTRUP *v.* JULIE M. HARWOOD-AARESTRUP

Superior Court, Judicial District of Litchfield

File No. FA-04-0093085S

Memorandum filed February 7, 2005

*Febbroriello, Conti & Levy*, for the plaintiff.

*Perelmutter & Potash*, for the defendant.

*Liberty Law Firm, LLC*, for Antik & Lamper et al.

BRUNETTI, J. This matter came before the court on January 31, 2005, on a third party motion to intervene in the present dissolution action made on behalf of a group of individuals who claim actual ownership of property on consignment with the antiques business of the plaintiff, Henrik Aarestrup.

I

FACTS

The plaintiff is an antiques dealer who runs a business known as Henrik Aarestrup Scandinavian Antiques, Inc., located in Sharon. The plaintiff's business specializes in antiques from Scandinavian countries, in particular, Sweden and Denmark. The proposed intervenors, who reside in Sweden and Denmark, claim an interest in certain inventory of the plaintiff's business by virtue of consignment contracts. The proposed intervenors' contention is that because they are the actual owners of the inventory items, those items should not be considered as marital assets subject to distribution and they should be able to recover their property immediately. The proposed intervenors claim that they no longer have faith in the plaintiff's ability to protect their property and want to have it returned to them. Julie M. Harwood-Aarestrup, the defendant, objects to the motion to intervene and has filed a memorandum of law in support of her position. The defendant contends that many of the items claimed to be on consignment

are, in fact, owned by the plaintiff, and the purpose here is to shield these assets from being distributed as part of the marital estate.

## II

## ISSUE

The issue before the court is whether a third party who has an interest in property subject to distribution in a dissolution action may intervene.

## III

## DISCUSSION

"There are certain categories of persons who are permitted to intervene in a dissolution action. The attorney general is permitted to become a party under General Statutes § 46b-55; any interested third party may intervene with regard to the custody of minor children under [General Statutes] § 46b-57; parties having physical custody of a child may be made parties under General Statutes § 46b-100; and any person may request visitation rights under General Statutes § 46b-59." *Livsey* v. *Livsey*, 11 Conn. App. 43, 46, 525 A.2d 546 (1987), overruled in part on other grounds by *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 294, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990).

Connecticut courts have allowed intervention by a third party not within the statutory categories in cases in which there have been allegations of a fraudulent conveyance. See *Molitor* v. *Molitor*, 184 Conn. 530, 440 A.2d 215 (1981); *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990); cf. *Derderian* v. *Derderian*, 3 Conn. App. 522, 490 A.2d 1008, cert. denied, 196 Conn. 810, 811, 495 A.2d 279 (1985). In *Gaudio* v. *Gaudio*, supra, 293, the court looked to other jurisdictions and followed the prevailing view that "a third person with a claimed interest in property that is the subject of a dissolution action may properly be joined as a party. That rule holds that although the spouses are ordinarily the only

proper parties to a dissolution action, joinder or intervention of third parties is permissible where third parties claim an interest in property involved in the proceedings."[1] "[O]ur courts now approve the participation of a third party in actions brought for annulment or dissolution of marriage. For instance, where a third party has demonstrated an interest in marital property, within the meaning of [General Statutes] § 46b-81, that party will be allowed to join the dissolution action. . . . This rule is expressly limited to cases in which the presence of the third party is required in order to adjudicate the property rights of the parties to the dissolution. . . . [H]owever . . . [the] court cannot speculate about the existence of any interest [the third party] may have in [the] marital property." (Citations omitted; internal quotation marks omitted.) *Gutkowski* v. *Gutkowski*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. FA-96-712571S (November 4, 1996) (18 Conn. L. Rptr. 101, 103) (*Rubinow, J.*); *Michna* v. *Michna*, Superior Court, judicial district of Litchfield, Docket No. FA-98-0075700 (February 2, 1999) (24 Conn. L. Rptr. 2) (*Wiese, J.*).

Conversely, Connecticut courts have not allowed creditors to intervene in a dissolution action. *Beale* v. *Beale*, Superior Court, judicial district of Fairfield, Docket No. FA-97-0346160S (November 26, 1997) (21 Conn. L. Rptr. 18) (*Kavanewsky, J.*). In *Beale*, the court acknowledged that "[t]here are a number of . . . cases which allow joinder or intervention by third parties, but only when such parties claim a legal or equitable

---

[1] See *Corcoran* v. *Corcoran*, Superior Court, judicial district of Waterbury, Docket No. FA-93-0116631S (September 27, 1996) (*Shortall, J.*); *Montada* v. *Montada*, Superior Court, judicial district of New Haven, Docket No. FA-94-0362150S (November 29, 1994) (13 Conn. L. Rptr. 126) (*Pittman, J.*); *Farrell* v. *Farrell*, Superior Court, judicial district of New Haven, Docket No. FA-247026 (July 6, 1992) (7 Conn. L. Rptr. 16) (*Jones, J.*); *Lumley* v. *Lumley*, Superior Court, judicial district of Fairfield, Docket No. FA-90-0267626S (September 6, 1991) (4 Conn. L. Rptr. 507) (*Bassick, J.*).

interest in property involved in the dissolution action." *Beale* v. *Beale*, supra, 21 Conn. L. Rptr. 19. Nevertheless, the *Beale* court stated that "[t]he conclusory allegation that there is a resulting trust [arising out of a debt] in the marital property in favor of the movant is not sufficient to allow him to intervene." Id.; see also *Hill* v. *Hill*, Superior Court, judicial district of Fairfield, Docket No. FA-91-0283614S (April 5, 1995) (13 Conn. L. Rptr. 633) (*Petroni, J.*) (motion to intervene denied where third party law firm that had no direct interest in marital property sought to join dissolution action as creditor of plaintiff).

There are also a number of Superior Court decisions in which joinder or intervention has been allowed. See *Corcoran* v. *Corcoran*, Superior Court, judicial district of Waterbury, Docket No. FA-93-0116631S (September 27, 1996) (*Shortall, J.*) (fraudulent transfer of trucking business, motion to implead by defendant); *Montada* v. *Montada*, Superior Court, judicial district of New Haven, Docket No. FA-94-0362150S (November 29, 1994) (13 Conn. L. Rptr. 126) (*Pittman, J.*) (motion to cite in father of husband, claim of fraudulent transfer of real property prior to commencement of dissolution action); *Farrell* v. *Farrell*, Superior Court, judicial district of New Haven, Docket No. FA-247026 (July 6, 1992) (7 Conn. L. Rptr. 16) (*Jones, J.*) (amended complaint alleged fraudulent transfer of property to third party); *Lumley* v. *Lumley*, Superior Court, judicial district of Fairfield, Docket No. FA-90-0267626S (September 6, 1991) (4 Conn. L. Rptr. 507) (*Bassick, J.*) (motion to cite in parents of wife claiming interest in real property occupied by parties and owned by parents). Again, these are situations in which one of the parties to the dissolution has sought to bring in a third party. The court has found one Superior Court case in which an outside party was allowed to intervene by its own motion. In *Pressman* v. *Pressman*, Superior Court, judicial district of Fairfield, Docket No. FA-02-0394584 (June 25, 2003)

(*Hiller, J.*), the court, after a hearing, granted a motion to intervene by two sisters of the defendant husband, who claimed an interest in the marital home of the parties in Greenwich by virtue of a judgment lien placed on the property as a result of an $11 million judgment obtained by them in New York. "A court has the authority to grant intervention limited to particular issues, and such limited intervention is not intended to allow enjoyment of all the prerogatives of a party litigant." *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 60 Conn. App. 134, 152, 758 A.2d 916 (2000).

IV

CONCLUSION

The court finds in the present case that because the proposed intervenors' claims are of actual ownership of the property, and not of a creditor-debtor relationship, the motion to intervene should be granted. Because the ownership of this property that otherwise would be subject to distribution in the dissolution action is in question, the motion to intervene is granted for the limited purpose of holding a hearing to determine ownership of the disputed property.